**Kenneth HUTH, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

No. 07–07–0274–CV.

Court of Appeals of Texas, Amarillo.

Nov. 2, 2007.

Rehearing Overruled Nov. 29, 2007.

Warren Alan Wolf, Attorney At Law, San Antonio, TX, for appellant.

Leslie J.A. Sachanowicz, Asst. Dist. Atty., San Antonio, TX, for appellee.

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

## OPINION ON MOTION FOR REHEARING

JAMES T. CAMPBELL, Justice.

Appellant Kenneth Huth has filed a motion for rehearing of our August 28, 2007, opinion [1] and judgment dismissing for want of jurisdiction his appeal of the trial court's denial of his petition for non-disclosure under Government Code section 411.081.[2] We deny the motion for rehearing.

We dismissed Huth's appeal because of the absence from the appellate record of a signed order of the trial court disposing of his petition. On the day our opinion and judgment were released, we received a supplemental clerk's record containing a signed order of the trial court, and Huth has filed a motion that we will treat as a motion for rehearing of the dismissal of his appeal.[3] We requested a response to the motion from the State, allowing the State until October 17, 2007, to file the response. The State has made no response.

 Although a signed order of the trial court appears in the supplemental clerk's record, a jurisdictional issue remains which we must address on our own motion.[4] A court of appeals is obligated to determine, *sua sponte*, its jurisdiction to hear an appeal. *Welch v. McDougal*, 876 S.W.2d 218, 220 (Tex.App.-Amarillo 1994, writ denied) (*citing New York Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 678 (Tex.1990)). The Texas Constitution vests in the courts of appeals jurisdiction over appeals from final judgments of district and county courts, subject to any restrictions and regulations prescribed by law. Tex. Const. art. V, § 6. In addition, the Texas Constitution vests the courts of appeals with "such other jurisdiction, original and appellate, as may be prescribed by law." *Id.* Thus, our jurisdiction of an appeal must be based on either (1) the general constitutional grant, subject to any restrictions or regulations imposed by the legislature; or (2) a specific statutory grant of jurisdiction. *State Dep't of Pub. Safety v. Barlow*, 48 S.W.3d 174, 175–176 (Tex.2001).

The Texarkana and Dallas courts of appeals have dismissed appeals seeking review of trial court orders on petitions for non-disclosure under Government Code § 411.081, finding they lacked jurisdiction. *See Rado v. State*, (No.05–06–00200–CV),

---

1. *Huth v. State*, (No. 07–07–0274–CV), 2007 WL 2428286, 2007 Tex.App. LEXIS 6912 (Tex.App.-Amarillo August 28, 2007, no pet.).

2. Tex. Gov't Code Ann. § 411.081 (Vernon Supp.2006).

3. The motion, filed in this Court on September 12, 2007, is entitled "Motion for Rehearing of First Motion for Extension of Time to File Appellant's Brief." Despite its title, the document makes reference to the dismissal of Huth's appeal as well as his filing of the supplemental clerk's record. Construing Huth's motion liberally, we will treat it as a motion for rehearing of our opinion and judgment.

4. We noted the issue of the appealability of orders denying petitions for non-disclosure in our August 28, 2007, opinion, but neither party has addressed it.

2007 WL 1829648, 2007 Tex.App. Lexis 4984, (Tex.App.-Dallas June 27, 2007, n.p.h.); *Crowder v. State*, (No. 05–06–00608–CV), 2007 WL 1816886, 2007 Tex. App. LEXIS 4946 (Tex.App–Dallas June 26, 2007, n.p.h.); *Bergin v. State*, (No. 06–06–00089–CV), 2006 WL 2456302, 2006 Tex.App. LEXIS 7571 (Tex.App.-Texarkana 2006, no pet.). We reach the same conclusion here.

■ Like our sister courts, we note that section 411.081 contains no express grant of an appellate right, in contrast with the statutory provision for expunction of criminal records. *See* Tex.Code Crim. Proc. Ann. art. 55.02 § 3 (Vernon 2006) ("The person who is the subject of the expunction order or any agency protesting the expunction may appeal the court's decision in the same manner as in other civil areas."); Tex. Gov't Code Ann. § 411.081 (Vernon Supp.2006).

■ Absent a specific statutory grant of jurisdiction, we must look to the applicability of the general constitutional grant. Here, the legislature has limited the jurisdiction of our courts of appeals to cases in which the amount in controversy or the judgment exceeds $100, exclusive of interest and costs. *See* Tex. Gov't Code Ann. § 22.220(a) (Vernon 2004); Tex. Civ. Prac. & Rem.Code Ann. § 51.012 (Vernon 1997). For this purpose, the "amount in controversy" means the sum of money or the value of the thing for which the suit was brought. *Tune v. Texas Dep't of Pub. Safety*, 23 S.W.3d 358, 361 (Tex.2000). The subjective value of a privilege, if asserted in good faith, establishes jurisdiction if it meets the required amount in controversy. *Id.* at 362. In appeals from denials of a license, the supreme court has looked to the licensing fees as establishing, for jurisdictional purposes, a minimum value of the privilege afforded by the license. *See Barlow*, 48 S.W.3d at 176 (driver's

license); *Tune*, 23 S.W.3d at 362 (concealed handgun license). But those cases involve fees paid to the licensing agency. By statute, the amount in controversy cannot include the costs associated with bringing suit. *See* Tex. Gov't Code Ann. § 22.220(a) (Vernon 2004); Tex. Civ. Prac. & Rem.Code Ann. § 51.012 (Vernon 1997). Like the records in *Rado*, 2007 WL 1829648,*1, 2007 Tex.App. Lexis 4984, *3, and *Bergin*, 2006 WL 2456302, *2, 2006 Tex.App. LEXIS 7571, *5, the record here contains no basis, other than the trial court's filing fee, on which to assign a value to Huth of the non-disclosure order he sought. Because section 411.081 does not expressly create a right of appeal and because nothing in the record shows an amount in controversy in the case exceeding $100, exclusive of interests and costs, we are without jurisdiction.

Accordingly, although Huth obtained a signed order disposing of his petition in the trial court, we are unable to consider the appeal he contemplates, and deny his motion for rehearing.