**Opinion issued October 11, 2012.**



In The

# Court of Appeals

For The

## First District of Texas

————————————

### NO. 01-11-01031-CV

————————————

**PAUL MINIX, Appellant**

**V.**

**DARLENE JOHNSON, DONEKACH WILSON, AND TEXAS DEPARTMENT OF CRIMINAL JUSTICE, Appellees**

**On Appeal from the County Court at Law No. 1 and Probate Court Brazoria County, Texas Trial Court Case No. CI046329**

## MEMORANDUM OPINION

Paul Minix, an inmate at a state correctional facility, appeals from the dismissal of his lawsuit against the Texas Department of Criminal Justice and two of its employees. In his petition, Minix alleged that (1) TDCJ property officers

were negligent in shipping his possessions from one correctional facility to another, resulting in the loss of three books, and (2) TDCJ failed to establish meaningful grievance procedures for claims for loss of property under section 501.007 of the Government Code. *See* TEX. GOV'T CODE ANN. § 501.007 (West 2012) (governing inmate claims for lost or damaged property). The only relief Minix sought was a monetary award of $88.58, the purchase price for the three lost books. The trial court dismissed Minix's lawsuit with prejudice as having no arguable basis in law. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2), (b)(2) (West 2012) (permitting court to dismiss inmate litigation upon finding that claim asserted is frivolous). Minix appeals the dismissal order, contending that his lawsuit is not frivolous.

Before we address Minix's appellate arguments, we must determine our own subject-matter jurisdiction over this appeal. *See Saudi v. Brieven*, 176 S.W.3d 108, 113 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) (recognizing that lack of subject-matter jurisdiction is fundamental error that court may properly raise and recognize sua sponte). The Texas Constitution confers the courts of appeals with jurisdiction over "all cases of which the District Courts or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law." TEX. CONST. art. V, § 6. The courts of appeals are also constitutionally vested with "such other jurisdiction, original and appellate, as may

2

be prescribed by law." *Id.* Thus, our jurisdiction over an appeal must be based on either (1) the general constitutional grant, subject to any restrictions and regulations imposed by the legislature; or (2) a specific statutory grant of jurisdiction. *See Tex. Dep't of Pub. Safety v. Barlow*, 48 S.W.3d 174, 175−76 (Tex. 2001); *Tune v. Tex. Dep't of Pub. Safety*, 23 S.W.3d 358, 361 (Tex. 2000); *Huth v. State*, 241 S.W.3d 206, 207 (Tex. App.—Amarillo 2007, no pet.).

Neither the Government Code provision for inmate claims for lost or damaged property nor the chapter of the Civil Practice and Remedies Code governing inmate litigation contains any specific grant of jurisdiction to this Court. *See* TEX. GOV'T CODE ANN. § 501.007; *see also* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001−.014 (West 2012). Absent a specific statutory grant of jurisdiction, we must look to the applicability of the general constitutional grant. In suits filed before September 1, 2009, as was Minix's, the legislature limited the jurisdiction of the courts of appeals to cases in which the amount in controversy or the judgment exceeds $100, exclusive of interests and costs.[1] *See* Act of May 17, 1985, 69th Leg., R.S., ch. 480, § 1, 1985 Tex. Gen. Laws 1730 (providing that, in civil cases, courts of appeals have appellate jurisdiction over civil cases in which "district courts or county courts have jurisdiction when the amount in controversy

---

[1] The current version of the statute limits the jurisdiction to cases in which the "amount in controversy exceeds $250, exclusive of interest and costs." *See* TEX. GOV'T CODE ANN. § 22.220(a) (West Supp. 2012).

3

or the judgment rendered exceeds $100, exclusive of interests and costs") (amended 2009) (current version at TEX. GOV'T CODE ANN. § 22.220(a) (West Supp. 2012); *see also* Act of May 17, 1985, 69th Leg., R.S., ch. 959, § 1, 1985 Tex. Gen. Laws 3280 (same) (amended 2009) (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 51.012 (West Supp. 2012)). For purposes of determining jurisdiction, the "amount in controversy" is the sum of money or the value of the thing for which the suit was brought. *Tune*, 23 S.W.3d at 361. By statute, the amount in controversy does not include the costs associated with bringing the suit. *See* TEX. GOV'T CODE ANN. § 22.220(a); TEX. CIV. PRAC. & REM. CODE ANN. § 51.012.

Here, Minix's original petition in the justice court reflects that he sought only $88.58 in monetary damages for the loss of three books. He did not seek any other form of relief. Minix attached to his petition invoices establishing that he paid $88.58 for the three books. Nothing in the record suggests that the value of the books exceeded $88.58. Thus, the amount in controversy being below $100, which is the minimum required to invoke the jurisdiction of this Court, this appeal is dismissed for want of jurisdiction.

**PER CURIAM**

Panel consists of Justices Keyes, Massengale, and Brown.

4