In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-14-00373-CV
_____

RONALD J. WILLS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 9th District Court
Montgomery County, Texas
Trial Cause No. 14-03-02659 CV

**MEMORANDUM OPINION**

Ronald J. Wills filed a notice of appeal from an order denying his petition for an order of non-disclosure. *See* Tex. Gov't Code Ann. § 411.081 (West Supp. 2014). Section 411.081 authorizes a person to file a petition for non-disclosure "only if during the period of the deferred adjudication community supervision for which the order of nondisclosure is requested . . . the person is not convicted of or placed on deferred adjudication community supervision . . . for any offense other than an offense under the Transportation Code punishable by fine only." *Id.* §

1

411.081(e). The evidence in the trial court establishes that on April 24, 2003, the trial court placed Wills on deferred adjudication community supervision for three years for an offense committed on April 20, 2002. The evidence also establishes that on June 25, 2003, Wills was convicted of a misdemeanor offense that also occurred on April 20, 2002.[1] Although Wills was convicted during the term of his deferred adjudication community supervision for the offense on which he seeks an order of non-disclosure, his one appellate issue contends that the trial court abused its discretion because the two offenses arise out of the same transaction and Wills did not commit a new offense while on community supervision.

Jurisdiction is a pre-requisite to determining an appeal on its merits. *See M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004). The non-disclosure statute lacks an express authorization for an appeal. *See* Tex. Gov't Code Ann. § 411.081. Therefore, for this Court to have appellate jurisdiction either the amount in controversy or the judgment must exceed $250, exclusive of interest and costs. *See* Tex. Gov't Code Ann. § 22.220(a) (West Supp. 2014). The "amount in controversy" is determined by the sum of money or the value of the thing originally sued for. *Tune v. Tex. Dep't of Pub. Safety*, 23 S.W.3d 358, 361 (Tex. 2000). "The subjective value of a privilege, if asserted in good faith, establishes

---

[1] This second offense cannot qualify for an order of non-disclosure because Wills did not receive deferred adjudication for that offense. *See generally* Tex. Gov't Code Ann. § 411.081(d) (West Supp. 2014).

jurisdiction if that value meets the requisite amount in controversy." *Id.* at 362. For instance, the fee for a license establishes its minimum value for a license. *Id*. In *Huth v. State*, the Amarillo Court of Appeals dismissed for lack of jurisdiction an appeal from the denial of a petition for non-disclosure because the record contained no basis, other than the trial court's filing fee, on which to assign a value of the non-disclosure order to the petitioner. *See* 241 S.W.3d 206, 208 (Tex. App.—Amarillo 2007, no pet.) (op. on reh'g). In *Harris v. State*, the court held that the applicant for a petition for non-disclosure established a sufficient amount in controversy where the trial court found that the applicant was denied employment and lost several thousand dollars in potential employment wages as a result of the deferred adjudication appearing on her record. *See* 402 S.W.3d 758, 763 (Tex. App.—Houston [1st Dist.] 2012, no pet.). In *In re Commitment of Richards*, we found the general jurisdiction amount in controversy had been met in an appeal from the denial of an application for writ of habeas corpus filed by a person who had been committed as a sexually violent predator, where he alleged that his case manager refused to allow Richards to return to his job upon his release from prison. *See* 202 S.W.3d 779, 789-90 (Tex. App.—Beaumont 2006, pet. denied).

Wills did not allege the existence of an amount in controversy in his petition for non-disclosure. On appeal, Wills argues that his trial court testimony establishes the amount in controversy, as follows:

3

Q. [A]s a result of this deferred adjudication, has this prevented you from advancements in employment?

A. Yes, sir.

Q. . . . [I]f you did not have this on your record, would you anticipate making more than $250 raising bonuses?

A. Yes, sir.

The Supreme Court has held that an appellant's testimony concerning the amount in controversy may be subjective, but the court has not stated that an appellant's testimony concerning the amount in controversy may be speculative. *See Tune*, 23 S.W.3d at 362. In his testimony before the trial court, Wills provides no information about his employment and the circumstances under which he receives bonuses, nor does he explain why he would receive more than $250 in bonuses with one offense on his criminal record but receive no bonuses if he has two offenses on his criminal record. We cannot determine that Wills made his statement in good faith because he provides neither its basis nor its context.

In *Harris*, the trial court made an express finding that the applicant lost thousands of dollars in employment income as a result of the public availability of the record of her criminal offense. *See* 402 S.W.3d at 763. Here, the trial court did not find that Wills lost income in an amount that would satisfy the amount-in-controversy requirement for general appellate jurisdiction before this Court, and

4

Wills did not request findings of fact and conclusions of law. *See generally* Tex. R. Civ. P. 296. Thus, this case is distinguishable from *Harris*. *See* 402 S.W.3d at 763.

For the purpose of determining jurisdiction, we may consider documents submitted by the parties that are outside the trial court's record. *See Kaufman v. Islamic Soc'y of Arlington*, 291 S.W.3d 130, 139 n.20 (Tex. App.—Fort Worth 2009, pet. denied). Other than by referring this Court to his testimony before the trial court, Wills has not submitted proof of a lost raise or bonus in response to this Court's inquiry regarding the amount in controversy. *See* Tex. Gov't Code Ann. § 22.220(c); *see also* Tex. R. App. P. 10.2(a).

We conclude we have neither specific nor general jurisdiction over this appeal. *See* Tex. Gov't Code Ann. §§ 22.220(a), 411.081. Accordingly, the appeal is dismissed for lack of jurisdiction.

APPEAL DISMISSED.

_____
CHARLES KREGER
Justice

Submitted on May 7, 2015
Opinion Delivered May 28, 2015

Before Kreger, Horton, and Johnson, JJ.

5