ACCEPTED
12-16-00252-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
1/30/2017 12:00:00 AM
Pam Estes
CLERK

## CASE NO. 12-16-00252-CV

_____

**IN THE
TWELFTH COURT OF APPEALS
FOR THE STATE OF TEXAS**

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
1/28/2017 1:14:04 PM
PAM ESTES
Clerk

_____

JOHN L. SCRITCHFIELD,

APPELLANT

v.

THE STATE OF TEXAS,

APPELLEE

_____

On Appeal from the
County Court at Law No. 2, Smith County
Cause Number 65,621-A

_____

**STATE'S MOTION TO DISMISS AND STATE'S
APPELLATE BRIEF**

_____

D. Matt Bingham
Criminal District Attorney

THOMAS WILSON
Assistant Criminal District Attorney
State Bar No. 24081217
Smith County Courthouse
100 N. Broadway, 4th Floor
Tyler, Texas 75702
ph: (903) 590-4629
fax: (903) 590-4647

ATTORNEY FOR APPELLEE

**ORAL ARGUMENT NOT REQUESTED**

# IDENTITY OF PARTIES AND COUNSEL

Pursuant to Tex. R. App. P. 38.2(a)(1)(A), the State hereby supplements the appellant's list of parties to this appeal with the names of all trial and appellate counsel for the State:

District Attorney:
**D. Matt Bingham**
Criminal District Attorney
Smith County, Texas
Smith County Courthouse
100 N. Broadway, 4th Floor
Tyler, Texas 75702

Counsel for State at trial and appellate Court:
**Thomas Wilson**
Assistant District Attorney
Smith County, Texas
Smith County Courthouse
100 N. Broadway, 4th Floor
Tyler, Texas 75702
twilson@smith-county.com

Appellant:
**John L. Scritchfield**

Counsel for the Appellant:
**Mitch Adams**
May Mendolia & Vice LLP
110 N. College Ave., Suite 101
Tyler, TX 75702
ma@mmvllp.com

**TABLE OF CONTENTS**

INDEX OF AUTHORITIES..........................................................................iii

STATEMENT OF THE CASE....................................................................1

STATEMENT OF FACTS ..........................................................................1

SUMMARY OF THE ARGUMENT ...........................................................3

MOTION TO DISMISS APPEAL FOR WANT OF JURISDICTION ...................3

ARGUMENT AND AUTHORITIES.............................................................7

    I.   Appellant is ineligible for an order of Nondisclosure because he was not placed on deferred adjudication community supervision under Article 42.12, §5 of the Code of Criminal Procedure, nor did he receive a discharge and dismissal of deferred adjudication community supervision…..........................7

    II.  Appellant is ineligible for an order of Nondisclosure because the original offense involved Family Violence ..................................................8

PRAYER .............................................................................................11

CERTIFICATE OF COMPLIANCE.............................................................13

CERTIFICATE OF SERVICE ....................................................................14

**INDEX OF AUTHORITIES**

**Cases**

*Crowder v. State*, No. 05-06-00608-CV, 2007 Tex. App. LEXIS 4946 (App.—Dallas 2007) (mem. op.) ..................................................................5

*Ex parte Hatzis*, No. 12-14-00199-CV, 2015 Tex. App. LEXIS 4438 (Tex. App.—Tyler Apr. 30 2015, no pet) (mem. op.) ............................................10

*Guinn v. State*, No. 05-09-01295-CV, 2010 Tex. App. LEXIS 29 (Tex. App.–Dallas Jan. 6, 2010, no pet.) (mem. op.)................................................3

*Harris v. State*, 402 S.W.3d 758 (Tex. App.–Houston [1st Dist.] 2012, no pet.) .3, 4

*Huth v. State*, 241 S.W.3d 206 (Tex. App.–Amarillo 2007, no pet.) (op. on reh'g) .3

*Mitchell v. State*, 102 S.W.3d 772 (Tex. App.—Austin 2003, pet. ref'd) ................9

*State v. N.R.J.*, 453 S.W.3d 76 (Tex. App.—Fort Worth 2014) ..............................10

*Tex. Lottery Comm'n v. First State Bank of Dequeen,* 325 S.W.3d 628 (Tex. 2010)7

*Texas Dep't of Pub. Safety v. Barlow*, 48 S.W.3d 174 (Tex. 2001) .........................5

*Tune v. Tex. Dep't of Pub. Safety*, 23 S.W.3d 358 (Tex. 2000) ...........................5, 6

*Wills v. State*, No. 09-14-00373-CV, 2015 Tex. App. LEXIS 11100 (App.—
     Beaumont October 29, 2015)(mem. op.)................................................................7

**Statutes**

Tex. Civ. Prac. & Rem. Code § 51.012 ...............................................................4, 8

Tex. Code Crim Proc. art. 42.12 .............................................................................8

Tex. Code Crim. Proc. Ann. art. 55.02 .............................................................. 4, 13

Tex. Fam. Code § 71.0021 .............................................................................. 11, 12

Tex. Fam. Code § 71.004 ............................................................................... 10, 11

Tex. Gov't Code § 411.0735........................................................................................9

Tex. Gov't Code § 411.074........................................................................................10

Tex. Gov't Code § 411.0765........................................................................................6

Tex. Gov't Code § 22.220 .........................................................................................4

Tex. Gov't Code § 411.081 ........................................................................ 8, 10, 12

Tex. Penal Code § 22.01 ............................................................................. 3, 11, 12

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

## STATEMENT OF THE CASE

This is an appeal from an order denying a petition for nondisclosure of criminal records under section 411.081 of the Texas Government Code as enacted on the date in which the offense was committed.[1]  Appellant sought nondisclosure of records of his 1996 arrest for  "Assault F/V" and subsequent conviction for class C assault – Offensive Touching in Cause Number 123,787-A, in the County Court at Law Number 2 of Smith County (C.R. 1 & 2) (Supp. C.R. 78).  The trial court heard evidence in the form of testimony from Appellant and heard argument from counsels (R.R. 5-10).  Based on the testimony provided, the trial court denied the Petition for Nondisclosure (C.R. 1-3), based on a finding that the victim in the underlying criminal matter was a family member defined by Section 71.004 of the Texas Family Code (R.R. 9 & 10).

## STATEMENT OF FACTS

Appellee objects to Appellants' Statement of Facts due to the majority of the

---

[1] All references to section 411.081 of the Texas Government Code in this Brief are to the version of the statute in effect before the enactment of S.B. 1902 in 2015.  Acts 2015, 84th Leg., ch. 1279 (S.B. 1902), § 32 provides: "The changes in law made by this Act apply only to the issuance of an order of nondisclosure of criminal history record information for an offense committed on or after the effective date of this Act [September 1, 2015]. The issuance of an order of nondisclosure of criminal history record information for an offense committed before the effective date of this Act is governed by the law in effect on the date the offense was committed, and the former law is continued in effect for that purpose. For purposes of this section, an offense is committed before the effective date of this Act if any element of the offense occurs before the effective date."

statements contained therein are incomplete, not supported by the record, and do not contain citations to the record. Appellee respectfully submits to the Court its own Statement of Facts.

On June 17, 1996 Appellant was arrested by the Smith County Sheriff's Office for the offense of "Assault F/V."[2] (Suppl. C.R. 78). Appellant was charged by complaint and information of "intentionally, knowingly, or recklessly causing bodily injury to Pamela Hardman by pushing Pamela Hardman to the ground," and assigned cause number 123,787-A (Suppl. C.R. 76 - 77). On November 19, 1997 Appellant plead guilty to the reduced offense of "Class C Assault" (Offensive Touching), and was sentenced to pay a $100.00 fine and restitution of $400.00 to be paid to the victim Pamela Hardman (Suppl. C.R. 3-8).

On June 28, 2016 Appellant filed a Petition for Non-Disclosure and on July 25, 2016 the State filed its Answer to the Petition for Non-Disclosure (C.R. 1-8). On July 28, 2016 a hearing was held and evidence was presented (R.R. 1-11). Appellant admitted that he was arrested for assault and the offense was reduced to a Class C misdemeanor and that he pleaded guilty to the said Class C misdemeanor (R.R. 6) (Suppl. C.R. 7 & 8). Appellant further admitted that he and the victim of the assault were living together as girlfriend and boyfriend at the time of the offense (R.R. 8). After hearing the testimony presented and arguments of counsel

---

[2] "Assault F/V" is the charge listed on the Appellants Bond paperwork. Assault F/V is a shorthand version of Assault Family Violence.

2

the Court denied the Petition for Non-Disclosure (C.R. 9).

## SUMMARY OF THE ARGUMENT

Appellant argues two points of error, that the trial court erred in denying Appellant's petition for nondisclosure because a conviction for Class C assault under Texas Penal Code Section 22.01 is to be read is such a way as to not allow for a family violence finding. Appellant also contends that the original trial court must make an affirmative finding of family violence in the underlying criminal offense in order to establish an offense involves family violence.

However, this Court must first establish if it has jurisdiction to hear this matter. Based on the lack of constitutional authority, statutory authority, and a lack of an amount in controversy this Court does not have jurisdiction to hear this appeal. In the alternative, and without waiving the jurisdictional argument, Appellant is not entitled to an order of nondisclosure because he was finally convicted of the offense of Class C assault. Furthermore, Appellant did not receive nor did he successfully complete a deferred adjudication probation sentence for the charged offense. Appellant is not entitled to a nondisclosure because the act for which Appellant was arrested, charged, and convicted involves family violence, which may be proven thru extrinsic evidence.

## MOTION TO DISMISS APPEAL FOR WANT OF JURISDICTION

As Appellant points out, several appellate courts have held that they lacked

jurisdiction to entertain an appeal from the denial of a petition for nondisclosure, because, unlike the expunction statute,[3] section 411.081 contains no provision expressly authorizing an appeal from an order issued in a nondisclosure proceeding; and there is ordinarily nothing to suggest that the amount in controversy exceeded $250.[4]  Therefore, an appeal is not authorized under section 22.220 of the Texas Government Code and section 51.012 of the Civil Practice and Remedies Code. See, e.g., *Huth v. State*, 241 S.W.3d 206, 208 (Tex. App.–Amarillo 2007, no pet.) (op. on reh'g); *Guinn v. State*, No. 05-09-01295-CV, 2010 Tex. App. LEXIS 29 (Tex. App.–Dallas Jan. 6, 2010, no pet.) (mem. op.).

However, in *Harris v. State*, the appellate court held that based on the trial court's finding that the Appellant had "been denied employment and lost thousands of dollars in wages as a result of the 2001 deferred adjudication appearing on her record" the appellate court had jurisdiction over the appeal.  *Harris v. State,* 402 S.W.3d 758 (Tex. App.–Houston [1st Dist.] 2012, no pet.).

The Court in *Harris* based its analysis on the testimony of the Appellant who stated that she was denied employment and lost several thousands of dollars because of her criminal history. *Id.* at 761.  Without further proof, the claim that

---

[3] Appeals from orders granting or denying expunctions are expressly authorized in section 3 of article 55.02, Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 55.02, § 3(a).

[4] Appellee notes that Appellants brief incorrectly states that the amount in controversy must exceed $100.00, contrary to the current versions of Texas Civil Practice and Remedies Code §51.012 and Texas Government Code §22.220(a)

4

"but for the criminal history I would have received this job or this pay raise" is purely speculative. Without evidence there is no way of knowing that there were no other more qualified candidates for that position or raise. Most notably, the granting of the nondisclosure would not allow the petitioner to receive lost wages or to receive a job that has already been filled.

Furthermore, even if the Appellant can show future economic loss, there would still be the issue that the nondisclosure would not remedy the problem based on the Appellant's noted profession. The nondisclosure statute currently lists thirty-one entities that a Criminal Justice Agency is authorized to receive non-disclosed criminal history record information. See Tex. Gov't Code § 411.0765. Included on this list is "a school district, charter school, private school… or education shared service arrangement." *Id.* at §411.0765(b)(2). Moreover, a criminal justice agency is also authorized to report non-disclosed criminal record history information to the Texas Department of Family and Protective Services. *Id.* at §411.0765(b)(9). Thus, based on the evidence provided by the Appellant (R.R. 5 & 6), his criminal history would still be made available to the private school or private pre-school that would be regulated by the Texas Department of Family and Protective Services, Child Care Licensing Division for which he is seeking employment.

Because this was not a suit to recover the wages or bonuses purportedly lost

on account of the petitioner's misdemeanor criminal record, the "amount in controversy" was not the amount of previously lost compensation. Furthermore, there was no evidence regarding the likelihood of future increases in compensation if the petition were to be granted. Speculation about future income is no basis for determining the amount presently in controversy.

Moreover, court fees are excluded in calculating the amount in controversy. In *Tune v. Tex. Dep't of Pub. Safety*, 23 S.W.3d 358, 361 (Tex. 2000), the Supreme Court held that for purposes of determining jurisdiction over an appeal, the minimum value of a concealed handgun license was the amount of the statutory fee that a citizen is required to pay. Similarly, the value of a driver's license is the statutory fee for renewal. See *Texas Dep't of Pub. Safety v. Barlow*, 48 S.W.3d 174, 176 (Tex. 2001). But the statutory fee paid to the clerk of the court upon filing a petition for an order of nondisclosure does not set the value of the order for jurisdictional purposes, because the "amount in controversy" statute specifically excludes court costs. See *Crowder v. State*, No. 05-06-00608-CV, 2007 Tex. App. LEXIS 4946 (App.—Dallas 2007) (mem. op.).

Unlike *Tune* and *Barlow*, the costs associated with a nondisclosure are not fees paid to the Texas Department of Public Safety. The amount is a court cost, which has been specifically excluded from the $250 amount in controversy. *Id. see also* Tex. Gov't Code § 22.220 (a) & Tex. Civ. Prac. & Rem. Code § 51.012.

6

Based on the record, there is no ascertainable method of valuation for the purpose of determining jurisdiction over an appeal for a nondisclosure, thus this appeal should be dismissed.

## ARGUMENT AND AUTHORITIES

**I.      Appellant is ineligible for an order of Nondisclosure because he was not placed on deferred adjudication community supervision under Article 42.12, §5 of the Code of Criminal Procedure, nor did he receive a discharge and dismissal of deferred adjudication community supervision.**

Under the applicable nondisclosure statute at the time, to be entitled to a nondisclosure, the petitioner must have been placed on deferred adjudication community supervision and received a discharge and dismissal of said deferred probation.  Tex. Gov't Code § 411.081(d).  Furthermore, the petitioner must not have been convicted of or placed on deferred probation for any other office, other than a traffic violation during the period of which the petitioner is on deferred probation, or the applicable waiting period.  Id. at 411.081(e).  Finally the petitioner must wait the applicable waiting period depending on the nature of the offense.  *Id* at 411.081(d)(1-3).

Where the statutory language is clear and unambiguous courts have been reluctant to deviate from the meaning of the plain and express language provided by the legislature, unless a definition is provided elsewhere by the legislature or the language would result in absurd outcomes.  *Tex. Lottery Comm'n v. First State*

7

*Bank of Dequeen,* 325 S.W.3d 628, 635 (Tex. 2010), *see also Wills v. State*, No. 09-14-00373-CV, 2015 Tex. App. LEXIS 11100, at *1 (App.—Beaumont October 29, 2015)(mem. op.). Furthermore, the Court in *Wills* goes on to state that the nondisclosure statute is "unambigious." *Wills*, No. 09-14-00373-CV, 2015 Tex. App. LEXIS 11100. While the legislature did amend and renumber the nondisclosure statute to allow for a nondisclosure after a conviction, that specific provision is not applicable in this case.[5] Tex. Gov't Code § 411.0735.

Therefore based on the plain language of the statute applicable at the time, that the Appellant's conviction was for a Class C Assault, and because he did not receive deferred adjudication probation he is not entitled to a nondisclosure order (R.R. 6) (Suppl. C.R. 1-6). Therefore, the Court should uphold the trial Court's order denying the nondisclosure.

## II. Appellant is ineligible for an order of Nondisclosure because the offense involved Family Violence.

As noted earlier in this brief, under the applicable provision of the Texas Government Code certain individuals placed on deferred adjudication community

---

[5] Acts 2015, 84th Leg., ch. 1279 (S.B. 1902), § 32 provides: "The changes in law made by this Act apply only to the issuance of an order of nondisclosure of criminal history record information for an offense committed on or after the effective date of this Act [September 1, 2015]. The issuance of an order of nondisclosure of criminal history record information for an offense committed before the effective date of this Act is governed by the law in effect on the date the offense was committed, and the former law is continued in effect for that purpose. For purposes of this section, an offense is committed before the effective date of this Act if any element of the offense occurs before the effective date."

supervision for a certain categories of offenses are not eligible for an order of nondisclosure. Tex. Gov't Code § 411.081 (e). Among those who are not eligible for an order of nondisclosure are those who were "placed on the deferred adjudication community supervision for … any … offense involving family violence, as defined by Section 71.004, Family Code." *Id.* at 411.081(e)(4).[6]

Appellant is correct, and the record supports the claim that he plead to a lesser included offense of class C Assault, but his assertion is incorrect in that the nondisclosure trial court did make an affirmative finding on the record that the offense involved family violence. (R.R. 9). Furthermore, appellant admitted that the victim in the underlying criminal matter was his live-in girlfriend. (R.R. 6). "Family violence" includes, inter alia, "dating violence, as that term is defined by [Family Code] section 71.0021." Tex. Fam. Code § 71.004(3). Dating violence is "an act … that is committed against a victim with whom the actor has or has had a dating relationship … that is a threat that reasonably places the victim in fear of imminent physical harm, bodily injury, assault, or sexual assault." Tex. Fam. Code § 71.0021(a). The record clearly shows that the offense, as alleged in the complaint, involved family violence in that the victim and the Appellant resided together as boyfriend and girlfriend. (R.R. 8) Moreover, Appellant was arrested

---

[6] Even the new amended nondisclosure statute provides for a denial of a petition for nondisclosure when an individual was placed on deferred adjudication probation and successfully completed the said probation if the offense "***involving family violence***" (emphasis added) or if the court makes a finding that the offense "***involved family violence***" (emphasis added). Tex. Gov't Code §§ 411.074(b)(1) and (b)(2).

9

and made bond on the charge of "Assault F/V". (Supp. C.R. 76). Thus, based on the face of the record it is apparent that the reduced charge to which Appellant pleaded guilty to involved family violence.

While Appellant is correct that Penal Code Section 22.01(a)(3) does not specifically mention the term spouse, the term spouse in the context of family violence is not the sole means by which a court can find family violence. Tex. Penal Code § 22.01(b)(2). Moreover, the legislature is clear and unambiguous in the nondisclosure statute (which is the issue in the present case) that a person is not entitled to a nondisclosure if they have been convicted of or placed on deferred adjudication for any previous "*offense involving family violence.*" *(emphasis added)* Tex. Gov't Code § 411.081 (e)(4). The statute does not provide language that would indicate that there needs to be a specific finding of family violence, or that the defendant has pleaded to a charged offense of family violence. Even in the criminal context where a finding of family violence must be noted on the face of the judgment, the State can prove that a prior conviction involved family violence through extrinsic evidence. *See Mitchell v. State*, 102 S.W.3d 772, 775 (Tex. App.—Austin 2003, pet. ref'd).

While the evidence is clear that there was no affirmative finding of family violence in the reduced plea to class C Assault. That does not negate the fact that the original act for which appellant was arrested and subsequently plead guilty to

10

involved family violence under the section 71.0021 of the Family Code. The nature of the nondisclosure petition is to conceal an arrest and deferred adjudication record from public view. Thus it stands to reason, much like an expunction under Code of Criminal Procedure, Chapter 55, the nondisclosure would relate not only to the charge for which the defendant was placed on deferred adjudication probation, but also to the arrest for which the charging instrument and eventual guilty or no contest plea arose from. See, e.g., *State v. N.R.J.*, 453 S.W.3d 76, 80 (Tex. App.—Fort Worth 2014); *Ex parte Hatzis*, No. 12-14-00199-CV, 2015 Tex. App. LEXIS 4438, at *5 (Tex. App.—Tyler Apr. 30 2015, no pet)(mem. op.).

## PRAYER

**WHEREFORE**, for the reasons stated herein, Appellee, the State of Texas, prays that this Court dismiss this appeal base on the fact that the amount in controversy has not been met thus not providing this Court with the jurisdiction to hear this claim. In the alternative, Appellee, the State of Texas prays that this Court affirm the judgment of the trial court.

Respectfully submitted,
D. MATT BINGHAM
Smith County Criminal District Attorney

Thomas Wilson
Asst. Criminal District Attorney

11

Bar I.D. No. 24081217
100 N. Broadway, 4th Fl.
Tyler, Texas 75702
P: (903) 590-1720
F: (903) 590-4647
E: twilson@smith-county.com
ATTORNEY FOR APPELLEE - STATE

# CERTIFICATE OF COMPLIANCE

I certify that this document was prepared using Microsoft Word 2010, and that, according to that program's word-count function, the sections covered by TRAP 9.4(i)(1) contain 2,833 words and the body text is in 14 point font.

Thomas Wilson
Asst. Criminal District Attorney
Bar I.D. No. 24081217
100 N. Broadway, 4th Fl.
Tyler, Texas 75702
P: (903) 590-1720
F: (903) 590-4647
E: twilson@smith-county.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 28th day of January, 2016, a copy of this STATE'S MOTION TO DISMISS AND STATE'S APPELLATE BRIEF in the above numbered cause has been sent via e-mail to:

Mitch Adams
MAYO MENDOLIA & VICE LLP
110 North College Avenue, Suite 101
Tyler, Texas 75702
P: (903) 747-3422
F: (903) 747-3436
ma@mmvllp.com
Attorney for Appellant John L. Scritchfield

Thomas Wilson
Asst. Criminal District Attorney
Bar I.D. No. 24081217
100 N. Broadway, 4th Fl.
Tyler, Texas 75702
P: (903) 590-1720
F: (903) 590-4647
E: twilson@smith-county.com