TEXAS DEPARTMENT OF PUBLIC
SAFETY, Petitioner,

v.

Ben BARLOW, Respondent.

No. 99–0670.

Supreme Court of Texas.

Argued Jan. 17, 2001.

Decided May 10, 2001.

S. Kyle Duncan, Kevin Michael Givens, Gregory S. Coleman, Austin, Stephen Edward Dennis, Conroe, John Cornyn, Attorney General of Texas, Andy Taylor, Linda Eads, Jeffrey S. Boyd, Austin, for Petitioner.

Travis B. Bryan, III, Youngkin, Catlin, Bryan & Stacy, David S. Barron, Law Office of David S. Barron, Bryan, for Respondent.

Justice O'NEILL delivered the opinion of the Court, joined by Chief Justice PHILLIPS, Justice ENOCH, Justice BAKER, Justice ABBOTT, Justice HANKINSON and Justice JEFFERSON.

This case presents a dispute between the Texas Department of Public Safety and a driver over the driver's license suspension. We must decide whether Texas courts of appeals have jurisdiction over appeals from county courts at law in license suspension cases arising from a driver's refusal to submit to a blood alcohol concentration test. We hold that the courts of appeals do have jurisdiction over such appeals. Accordingly, we reverse the court of appeals' judgment dismissing this case for lack of jurisdiction and remand the case to the court of appeals for further proceedings.

## I

Benjamin Barlow was arrested on suspicion of drunk driving and was asked to submit a breath specimen for a blood alcohol concentration ("BAC") test. He refused, and the Department of Public Safety suspended his driver's license. See TEX. TRANSP. CODE § 724.035 (authorizing the Department to suspend a driver's license if the driver refuses a BAC test). Barlow timely requested an administrative hearing, and the administrative law judge sustained the suspension. See id. § 724.041. Barlow appealed to the county court at law, which reversed the suspension. See id. §§ 724.047, 524.041. The Department sought to appeal the county court at law's decision, but the court of appeals dismissed the appeal, holding that (1) it did not have general jurisdiction because the record contained no evidence that the case met the minimum amount in controversy requirement the Legislature established under the Texas Constitution, see TEX. GOV'T CODE § 22.220(a); TEX. CIV. PRAC. & REM.CODE § 51.012; and (2) there was no specific statutory grant of jurisdiction over license suspension appeals from county courts at law, see TEX. TRANSP. CODE § 524.002; TEX. GOV'T CODE § 2001.901. 992 S.W.2d 732, 740–41. We granted the Department's petition for review to consider whether the court of appeals correctly decided its jurisdiction. See Del Valle Indep. Sch. Dist. v. Lopez, 845 S.W.2d 808, 809 (Tex.1992).

## II

The court of appeals' jurisdiction over this appeal must be based on either the constitution's general jurisdictional grant,

*see* TEX. CONST. art. V, § 6, or a specific statutory jurisdictional grant. The Department claims that both jurisdictional bases exist in this case. We begin by considering whether the court of appeals had general jurisdiction over this appeal.

Our constitution vests jurisdiction over appeals from final judgments of district and county courts in the courts of appeals, subject to any restrictions and regulations prescribed by law. TEX. CONST. art. V, § 6. The Legislature has limited courts of appeals' jurisdiction to cases in which the amount in controversy or the judgment exceeds $100. *See* TEX. GOV'T CODE § 22.220(a); TEX. CIV. PRAC. & REM.CODE § 51.012. Thus, the court of appeals erred in dismissing the Department's appeal if the amount in controversy in a driver's license suspension case exceeds $100.

■ The "amount in controversy," in the jurisdictional sense, is not limited to the money damages sought. Rather, "[t]he subjective value of a privilege, if asserted in good faith, establishes jurisdiction if that value meets the requisite amount in controversy." *Tune v. Texas Dep't of Pub. Safety*, 23 S.W.3d 358, 361 (Tex.2000). In *Tune*, we held that the amount of money that a citizen is willing to pay for a privilege is some evidence of its value. *Id.* at 362. Thus, statutes that require payment for a person to be afforded a particular privilege, such as a licensing fee, may establish a minimum value. *Id.* That is not because the fee is somehow in controversy, but because "the standard fee offers the minimum measure of 'the [privilege's] value.'" *Id.* We concluded in *Tune* that the $140 statutory fee for a handgun license established its minimum value for jurisdictional purposes. *Id.*

■ We apply *Tune's* reasoning to the situation presented here. The Department charges a $24 fee for issuing or renewing a driver's license. TEX. TRANSP.

CODE § 521.421. That a driver is willing to pay this amount to obtain a license in the first instance is some indication of its minimum value. *See Tune*, 23 S.W.3d at 362. In addition, a driver whose license has been suspended must pay "a fee of $100 in addition to any other fee required by law" to be reinstated or to obtain another driver's license. TEX. TRANSP. CODE § 724.046(a). These amounts indicate a minimum value that a driver such as Barlow is willing to pay for the privilege of driving and together meet the minimum jurisdictional threshold. *See Tune*, 23 S.W.3d at 362.

Barlow contends that the Department failed to meet its burden to establish jurisdiction because it did not plead and prove a specific amount in controversy. But as we have said, by seeking to retain his driver's license, Barlow put the value of his driving privileges at issue. And neither party needed to introduce evidence about what Barlow subjectively thinks his driving privileges are worth because the Transportation Code itself establishes an objective minimum value. *See id.*

### III

Because the amount in controversy in this case exceeds the $100 jurisdictional minimum, the court of appeals had jurisdiction over the Department's appeal from the county court's decision reversing Barlow's driver's license suspension. And because the court of appeals had general jurisdiction, we do not reach the Department's alternative argument that Chapter 524 of the Texas Transportation Code contains a specific jurisdictional grant. We reverse the court of appeals' judgment dismissing this case for lack of jurisdiction, and remand the case to that court to consider the merits.

Justice HECHT filed a concurring opinion joined by Justice OWEN.

Justice HECHT, joined by Justice OWEN, concurring in the judgment.

The amount of the fee that the government charges for a particular license rarely has anything at all to do with the value of the license to the licensee or the amount the licensee would be willing to pay for the privilege conveyed.[1] This is certainly true for a driver's license, which costs $24[2] and is good for at least six years.[3] Surely the right to drive a car—and beyond doubt the right to drive a pickup—in Texas is worth much more than eight cents a week. (It is worth noting that a Department employee was recently charged with selling driver's licenses illegally for $300–$775 apiece,[4] which is perhaps some indication of what a "market price" would be.) A license to operate a motorcycle or moped costs $32.[5] Is that because the right to drive a motorcycle or moped is worth a third more than the right to drive a car or pickup? Of course not! Does a driver's license worth only $24 before it is suspended suddenly become worth $124 after the driver pays $100 to reinstate it?[6] No. If any explanation for the amount of a driver's license fee exists, and it may well be that the charge is more or less arbitrary, it certainly relates more to the administrative costs of processing applications, giving examinations, and issuing licenses than it does to the value of the license to a driver. The Court in its search for a dollar figure written down somewhere to satisfy the court of appeals' $100 jurisdictional minimum ignores the plain fact that the value of a driver's license and the value of the State's interest in curbing drunk driving—

both of which are involved in this appeal—are worth considerably more than $100. I agree that the court of appeals should not have dismissed the appeal for want of jurisdiction.

---

1. *Tune v. Texas Dept. of Pub. Safety*, 23 S.W.3d 358, 366 (Tex.2000) (Hecht, J., concurring).

2. Tex. Transp. Code § 521.271(a)(1), (b).

3. *Id.* § 521.421(a).

4. *Worker Charged with Selling Licenses: Department of Public Safety Says Customers Paid Her Hundreds of Dollars*, Dallas Morning News, March 26, 2001, at 24A.

5. Tex. Transp. Code § 521.421(b), (f).

