In The


 

Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-200 CV


____________________



TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant



V.



DORCAS FRIEDEL, Appellee






On Appeal from the County Court at Law No. Three


Montgomery County, Texas


Trial Cause No. 01-15908






OPINION


 This is an appeal from the trial court's overruling of an administrative law judge's

decision in a driver's license suspension case. Dorcas Friedel's attorney did not appear
at the license suspension hearing, and the administrative law judge (ALJ) entered a default
order authorizing the Texas Department of Public Safety (Department) to suspend Friedel's
license. The ALJ denied Friedel's motion to set aside the default order, and Friedel
appealed the ruling to the county court at law. Finding that the ALJ's decision was not
supported by substantial evidence, the trial court remanded the case for a hearing on the
merits, denied the Department's motion for new trial, granted sanctions against the
Department, and ordered the Department to pay Friedel's attorney's fees. 

Jurisdictional Challenge


 Friedel argues this Court does not have jurisdiction. She characterizes the decision
of the county court at law as an order granting a new trial and argues there can be no
appeal from that order. Pursuant to statute and the Texas Administrative Code, Friedel's
petition in the county court at law is not a motion for new trial, but an appeal from the
decision of an administrative law judge. See Tex. Gov't Code Ann. §§ 2001.171 -
2001.176 (Vernon 2000); Tex. Transp. Code Ann. § 524.041 (Vernon 1999); 1 Tex.
Admin. Code § 159.33 (2003). The decision of the trial court is appealable to this Court. 
See Texas Dep't of Pub. Safety v. Barlow, 48 S.W.3d 174, 176 (Tex. 2001). We overrule
the jurisdictional challenge.

Standard of Review


 When an administrative order is appealed to the county court at law, the court must
examine the ALJ's order to determine whether it is reasonably supported by substantial
evidence. See Tex. Gov't Code Ann. § 2001.174 (Vernon 2000); Texas Dep't of Pub.
Safety v. Pruitt, 75 S.W.3d 634, 639 (Tex. App.--San Antonio 2002, no pet.). We review
the agency record to determine whether there is substantial evidence to support the ALJ's
decision; we review the determination by the county court at law de novo. Id. at 640. See
Tex. Gov't Code Ann. § 2001.174 (Vernon 2000); Tex. Transp. Code Ann. 524.002
(Vernon 1999); 1 Tex. Admin. Code § 159.37 (2003).

 A court may reverse the determination of an administrative law judge under certain
circumstances as provided by statute, as follows: 

 [A] court may not substitute its judgment for the judgment of the state
agency on the weight of the evidence on questions committed to agency
discretion but:

 (1) may affirm the agency decision in whole or in part; and

 (2) shall reverse or remand the case for further proceedings if sub-stantial rights of the appellant have been prejudiced because the
administrative findings, inferences, conclusions, or decisions are:


 in violation of a constitutional or statutory provision;


 (B) in excess of the agency's statutory authority;

 (C) made through unlawful procedure;

 (D) affected by other error of law;

 (E) not reasonably supported by substantial evidence
considering the reliable and probative evidence in the
record as a whole; or

 (F) arbitrary or capricious or characterized by abuse of
discretion or clearly unwarranted exercise of discretion. 


Tex. Gov't Code Ann. § 2001.174 (Vernon 2000). Friedel's substantial rights were
affected by an order authorizing license suspension without a hearing on the merits. We
consider in this appeal whether the administrative findings and decision are not supported
by substantial evidence, or are affected by error of law.

The Default Order and Good Cause


 The Administrative Code provides that to set aside a default order in an
administrative law hearing, the defendant must show good cause for "failing to appear and
notify the [State Office of Administrative Hearings] in advance of the hearing . . . ." See
1 Tex. Admin. Code §§ 159.1(a), 159.27(b) (2003). The Department argues Friedel did
not show good cause. Section 159.27(b) does not define good cause. In other contexts --
withdrawal of deemed admissions and a motion for leave to file a late summary judgment
response -- the Texas Supreme Court has held a requirement of "good cause" is satisfied
by a showing that the failure to answer or respond was the result of a mistake, rather than
being intentional or the result of conscious indifference, and that the other party will not
be prejudiced. See Carpenter v. Cimarron Hydrocarbons Corp., 98 S.W.3d 682, 687
(Tex. 2002); see also Stelly v. Papania, 927 S.W.2d 620, 622 (Tex. 1996). However, in
reviewing an agency's default order, the Austin court of appeals has applied the full
Craddock test for setting aside default judgments. See Anderson v. Railroad Comm'n of
Texas, 963 S.W.2d 217, 218-19 (Tex. App.--Austin 1998, pet. denied); see Craddock v.
Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S.W.2d 124, 126 (1939). In Anderson, the
Austin court stated:

 Applying the Craddock test to the agency context, a rehearing may be
granted (1) if the failure to answer in the first hearing was neither intentional
nor the result of conscious indifference, but was due rather to accident or
mistake; (2) if the party against whom the default order is issued presents a
meritorious defense; and (3) if a rehearing will not work any injury to the
agency or its mission. 


Anderson, 963 S.W.2d at 219 (citation omitted). 

 The Carpenter test for good cause is essentially the first and third elements of the
Craddock test. The Craddock test was adopted by the Texas Supreme Court to apply
"when the defaulting party has no other remedy available." Carpenter, 98 S.W.3d at 686. 
In Carpenter, the Supreme Court stated that when the rules provide the defaulting party
a remedy, Craddock does not apply. Id. Here, the Administrative Code provides a
procedure for setting aside the default order: a motion for rehearing grounded on good
cause. 

 In Carpenter, the Supreme Court set forth a test for good cause, a procedural rule
requirement in that case, in the context of a request for leave to file a late summary
judgment response. Carpenter, 98 S.W.3d at 688. The Supreme Court did not decide in
Carpenter whether the Craddock test should apply when a nonmovant discovers its mistake
after judgment is rendered. And the Court noted a more stringent definition of good cause
applies in a non-disclosure of evidence context, for example. Id. at 687. Nevertheless,
we believe that the Carpenter test for good cause should be applied to a timely filed motion
for rehearing of an administrative law judge's default order. A default order of an
administrative agency disposes of an issue without regard to the underlying merits. We
believe the Carpenter test "fairly balances the parties' interests." Id. If the agency or its
mission is not injured by setting aside the default order, and if the default was due to
accident or mistake, an administrative law judge should set aside a default order and decide
the case on its merits.

 The Facts


 Friedel's attorney acknowledged he had notice of the license suspension hearing to
be held on October 11, 2001, at 8:30 a.m. The ALJ's order denying Friedel's motion to
dismiss states the attorney could have been present for the 8:30 a.m. hearing, since his
other commitment did not begin until 9 a.m. At the October 25 hearing on his effort to
set aside the default order, the attorney explained why he did not call the ALJ or appear
at the hearing on the driver's license suspension: "I tried to get in here at 8:30. I had to
meet with some clients. I got court-appointed on a case over there, as well, which set me
with a client I did not even expect to be dealing with at the time . . . [T]ypically, court
runs until about lunch hour, and I got over here at 10:50 and everyone was gone." The
testimony at the ALJ's hearing reveals Friedel's attorney's conduct was a mistake, and not
the result of conscious indifference or an intent to delay or inconvenience the
administrative law proceeding. There is no evidence the Department or its mission will
be injured if the default order is set aside and the case is determined on its merits. We
conclude the record does not demonstrate a reasonable basis for the ALJ's refusal to set
aside the default order. See Ford Motor Co. v. Motor Vehicle Bd. of Texas Dep't of
Transp., 21 S.W.3d 744, 756 (Tex. App.--Austin 2000, pet. denied). We overrule the
Department's first issue. 

The Trial Court's Sanctions


 In issue two the Department correctly argues the trial court erred in ruling that the
Department's motion for new trial was frivolous, and in assessing attorney's fees against
the Department as a sanction. Friedel argues the Department waived any objection to the
sanctions and the attorney's fee award, because it failed to object. But the Department
filed a motion to vacate the trial court's judgment. By specifically challenging the trial
court's "frivolous" finding and by asking the trial court to vacate the attorney's fee award,
the Department preserved the issue below.

 The Department's motion for new trial was not frivolous or groundless under Tex.
R. Civ. P. 13 or Chapter 10 of the Texas Civil Practices and Remedies Code. See Tex.
Civ. Prac. & Rem. Code Ann. § 10.001 (Vernon 2002). Under Rule 13, "groundless"
means "no basis in law or fact and not warranted by good faith argument for the extension,
modification, or reversal of existing law." Under section 10.001, a pleading is frivolous
if the pleading is presented for an improper purpose, unwarranted by existing law, and
without evidentiary support. The record does not demonstrate any of these factors, and
there is no showing the motion was filed in bad faith. Whether Friedel's attorney
demonstrated good cause was a contested issue, both in law and in fact. Issue two is
sustained. Having sustained issue two, we need not address issue three. 

Conclusion


 We affirm the trial court's judgment that the ALJ erred in failing to set aside the
default order. However, we reverse the trial court's sanctions order against the
Department and render judgment that the Department is not liable for Friedel's attorney's
fees. 

 AFFIRMED IN PART; REVERSED AND RENDERED IN PART.

 _________________________________

 DAVID B. GAULTNEY

 Justice 


Submitted on June 23, 2003

Opinion Delivered July 31, 2003 


Before McKeithen, C.J., Burgess and Gaultney, JJ.

CONCURRING AND DISSENTING OPINION


 I concur with the reversal, but dissent to the rendition. I would affirm the awarding
of attorney's fees. The trial judge is in the best position to gauge the positions of the
parties and their attorneys. The sanction was for the motion for new trial and its hearing. 
Simply because a party has the right to file a motion for new trial does not mean a trial
judge may not find the filing to be frivolous. (1) I do not believe the trial judge abused his
discretion and would affirm the court's judgment in its entirety.


 



 DON BURGESS

 Justice


Opinion Delivered

July 31, 2003
1. Furthermore, a party has the right to appeal, yet the appeal may be frivolous. 
Indeed, one might, from a pragmatic view, conclude this appeal meets that criteria. The
point of the litigation was to suspend Friedel's driving privileges based on the failure to
take an alcohol concentration test. Judge Martin's judgment was signed on March 18,
2002, and that judgment stayed the suspension of Friedel's license. Had the DPS accepted
that judgment, surely the State Office of Administrative Hearing could have reheard the
matter long before this appeal could have been accomplished. Was the motion for new
trial and this appeal the best utilization of the scarce resources the Legislature affords state
agencies and courts? This writer thinks not!