**Edward James POWELL, Appellant**

**v.**

**The STATE of Texas, Appellee**

**No. 05–14–01536–CV**

Court of Appeals of Texas, Dallas.

Opinion Filed March 30, 2016

Beth L. Mitchell, Mary Kathryn Kahrhoff, Christina Herrero, for Edward James Powell.

Susan Hawk, Kimberly Duncan, for the State of Texas.

Before Justices Francis, Lang–Miers, and Myers

**OPINION**

Opinion by Justice Myers

Edward James Powell filed a notice of appeal from the trial court's order denying the request of the Texas Department of Aging and Disability that he be transferred from a residential care facility to a group home. Appellant brings three issues on appeal contending (1) this Court has jurisdiction to hear his appeal; (2) the trial court erred by denying the request for transfer without holding an evidentiary hearing in accordance with the requirements of the Texas Health and Safety Code; and (3) the evidence before the trial court was not legally and factually sufficient to support the trial court's denial of the request for transfer. We conclude the

trial court's denial of the request for transfer is not an appealable order, and we dismiss the appeal for want of jurisdiction.

## BACKGROUND

In 2012, appellant was indicted for the felony offense of indecency with a child. The trial court ordered that appellant be examined for his mental competency, and a doctor determined that appellant was incompetent to stand trial. The trial court found appellant incompetent to stand trial, and the court ordered appellant committed to an inpatient mental health facility for up to 120 days for examination and treatment aimed at restoring his competency to stand trial. *See* TEX.CODE CRIM. PROC. ANN. art. 46B.073(b)(2) (West Supp.2015). Near the end of the 120 days, the evaluators at the mental health facility reported that appellant remained incompetent to stand trial, and they recommended appellant be committed to a residential care facility pursuant to article 46B.103. *See id.* art. 46B.103 (permitting further commitment to a residential care facility of a defendant with pending criminal charges who is incompetent to stand trial). The trial court then signed a judgment ordering appellant committed to the Vernon Campus "or any residential care facility designated by the Department of Aging and Disability Services for long term residential care." The judgment also stated that the criminal charge against appellant remained pending and that appellant was not to be released without specific approval from the trial court. Appellant did not appeal this judgment. Three weeks later, the Texas Department of State Health Services notified the trial court that appellant had been transferred from the Vernon Campus to the Mexia State Supported Living Center, which was a residential care facility.

On June 5, 2014, a Transition Specialist at the Mexia facility sent a letter to the trial court stating the Interdisciplinary Team had determined that appellant "would benefit from alternate placement outside of an institutional setting. It was felt that the Home and Community Services Program would be able to provide needed supports [sic] and services to assist with a successful transition." The Interdisciplinary Team recommended that appellant be moved to a group home in Cedar Hill. The letter stated that appellant would be moved from the Mexia facility to the Cedar Hill group home on July 3, 2014, and "that this is not a discharge from DADS [Department of Aging and Disability Services] but a residential reassignment."

On June 13, 2014, the trial court wrote a letter to the director of the Mexia facility stating the court had ordered appellant to remain in a residential care facility and that a group home did not qualify as a residential care facility. The court also stated it did not approve of releasing appellant from the residential care facility to a group home and that the director of the facility could request a hearing on the matter. The Department of Aging and Disability Services filed a request for a hearing, and the trial court held a hearing on July 17, 2014.

On July 18, 2014, the trial court signed an order denying the request to transfer appellant to the group home in Cedar Hill. The court also stated in the order that appellant "is to remain in the Mexia State Supported Living Center or any other residential care facility designated by the Department of Aging and Disability Services." Appellant filed a notice of restricted appeal of this order on November 19, 2014.

Before submission of this case, we questioned our jurisdiction over the appeal, and the parties discussed in their briefs wheth-

er the July 18, 2014 order was an appealable order.

## APPELLATE JURISDICTION

■ In his first issue, appellant asserts this Court has jurisdiction over this appeal.

The proceedings at issue in this case were pursuant to article 46B.107 of the Code of Criminal Procedure. TEX.CODE CRIM. PROC. ANN. art. 46B.107.[1] The statute states that if the head of the facility to which the defendant has been committed determines the defendant should be released from the facility, the head of the facility must notify the committing court at least fourteen days before the intended date of release.[2] *Id.* art. 46B.107(b). "The court may, on motion of the attorney representing the state or on its own motion, hold a hearing to determine whether release is appropriate under the applicable criteria" under the Health and Safety Code. *Id.* art. 46B.107(d). The facility's recommendation of the defendant's release "is subject to disapproval by the committing court." *Id.* art. 46B.107(a). "If the court determines that release is not appropriate, the court shall enter an order directing the head of the facility ... to not release the defendant." *Id.* art. 46B.107(e). The trial court denied the request for release from the Mexia residential care facility and ordered that appellant remain in the Mexia facility.

■ The Texas Constitution gives the courts of appeals jurisdiction over "all cases of which the District Courts or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law." TEX. CONST. art. V, § 6(a). The courts of appeals are also constitutionally vested with "such other jurisdiction, original and appellate, as may be prescribed by law." *Id.* Thus, our jurisdiction over an appeal must be based on either (1) the general constitutional grant, subject to any restrictions and regulations imposed by the legislature; or (2) a specific statutory grant of jurisdiction. *Tex. Dep't of Pub. Safety v. Barlow,* 48 S.W.3d 174, 175–76 (Tex.2001). Section 22.220 of the Government Code states the courts of appeals have appellate jurisdiction of all civil cases "when the amount in controversy or the judgment rendered exceeds $250, exclusive of interest and costs." TEX. GOV'T CODE ANN. § 22.220(a) (West Supp.2015). In this case, there is no amount in controversy, so we must determine whether some other statutory provision provides us with jurisdiction over this appeal.

Appellant asserts that article 46B.103(d)(3) permits an appeal of an order under article 46B.107 disapproving a defendant's transfer from a facility. *See* TEX.CODE CRIM. PROC. ANN. art. 46B.103(d)(3). That statute states:

> (d) In the proceedings conducted under this subchapter [subchapter E of chapter 46B] for a defendant described by subchapter (a) [a defendant with an intellectual disability who has charges pending and is incompetent to stand trial]:

---

1. The versions of articles 46B.103 and 46B.107 in effect at the time of the trial court's order were amended in 2015. The changes to these statutes do not affect the outcome of this case. *See* Act of May 17, 2007, 80th Leg., R.S., ch. 1307, §§ 11, 14, 2007 Tex. Gen. Laws 4385, 4392, 4393, *amended by* Act of March 26, 2015, 84th Leg., R.S., ch. 1, §§ 6.018, 6.022, 2015 Tex. Sess. Law Serv. 1, 928, 929 (West).

2. The record does not show whether the "Transition Specialist" who contacted the trial court about transferring appellant to the group home was "the head of the facility" as required by article 46B.107(b). *See* TEX.CODE CRIM. PROC. ANN. art. 46B.107(b). However, this fact does not affect our determination of our jurisdiction.

. . . .

(3) appeals from the criminal court proceedings are to the court of appeals as in the proceedings for commitment to a residential care facility under Subtitle D, Title 7, Health and Safety Code.

*Id.*

The trial court's order under article 46B.107 was "under this subchapter," subchapter E of chapter 46B; therefore, the appeal of the order is "to the court of appeals as in the proceedings for commitment to a residential care facility under Subtitle D, Title 7, Health and Safety Code." *Id.* Appeals of "the proceedings for commitment to a residential care facility under Subtitle D, Title 7, Health and Safety Code" are governed by section 593.056 of the Health and Safety Code, which states, "A party to a commitment proceeding has the right to appeal the judgment to the appropriate court of appeals." Tex. Health & Safety Code Ann. § 593.056(a) (West 2010).

Appellant appears to take the position that article 46B.103(d)(3) permits the appeal of any decision under subchapter E. We disagree with that position. Article 46B.103(d)(3) permits appeals "as in the proceedings for commitment to a residential care facility under Subtitle D, Title 7, Health and Safety Code." Tex. Code Crim. Proc. Ann. art. 46B.103(d)(3). We interpret this statute as permitting appeals of the trial court's orders under subchapter E to the extent that similar orders in proceedings for civil commitment to a residential care facility would be appealable to a court of appeals under subtitle D, title 7 of the Health and Safety Code.

Section 593.056 of the Health and Safety Code permits a party to a commitment proceeding to appeal to the court of appeals the "judgment" of commitment to a residential care facility. Tex. Health & Safety Code Ann. § 593.056(a). The trial court's order under article 46B.107 is not a judgment of commitment to a residential care facility. The order committing appellant was signed in May 2013, and appellant did not appeal that order. Nor is the order a "proceeding[ ] for commitment to a residential care facility." Appellant was already committed to the residential care facility at the time of the request for transfer.

Appellant relies on *Queen v. State*, 212 S.W.3d 619 (Tex.App.–Austin 2006, no pet.), in support of his argument that jurisdiction for his appeal is provided by article 46B.103(d)(3). In *Queen*, the court of appeals determined that appellate jurisdiction did not lie from the trial court's order temporarily committing the defendant under article 46B.073. *Id.* at 623. Appellant observes that the holding in *Queen* is not applicable because appellant's current commitment is not under article 46B.073. Instead, appellant cites the court's statement that "[t]he legislature has provided further explicit directions allowing for appeals from orders of commitment under subchapter E . . . ." *Id.* at 622. However, appellant's appeal is not from an order of commitment under subchapter E, but from an order denying a transfer of residence after appellant was already committed under subchapter E. Therefore, *Queen* does not support appellant's position.

We conclude we do not have jurisdiction over this appeal. We overrule appellant's first issue. Because of our resolution of this issue, we do not address appellant's second and third issues concerning the merits of the trial court's ruling.

## CONCLUSION

We dismiss this appeal for want of jurisdiction.