**Denied and Opinion Filed September 18, 2017**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-01083-CV

### IN RE EDWARD JAMES POWELL, Relator

**Original Proceeding from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause No. F12-51405-Y**

## MEMORANDUM OPINION

Before Justices Francis, Brown, and Whitehill
Opinion by Justice Whitehill

In this original proceeding, relator complains that the trial court has not held an adversary hearing to determine whether relator should be transferred from the Mexia State Supported Living Center (SSLC) to a Home and Community Based Services (HSC) Program in Dallas, Texas. Article 46B of the Texas Code of Criminal Procedure does not require a trial court to hold a hearing to determine whether to approve a recommended transfer, and relator has not requested a hearing. We deny the petition for writ of mandamus.

### I. BACKGROUND

In 2012, relator was indicted for the felony offense of indecency with a child but was deemed incompetent to stand trial due to an intellectual disability. *Powell v. State*, 487 S.W.3d 768, 769 (Tex. App.—Dallas 2016, no pet.). After relator's initial 120-day commitment pursuant to section 46B.073(b)(2) of the code of criminal procedure and a commitment hearing, the trial court ordered relator be committed to the Vernon Campus "or any residential care

facility designated by the Department of Aging and Disability Services for long term residential care." The judgment provides that the criminal charge against relator remains pending and that relator is not to be released without specific approval from the trial court. Relator did not appeal the judgment. He was ultimately transferred from the Vernon Campus to the Mexia State Supported Living Center (Mexia SSLC).

On July 11, 2017, the director of the Mexia SSLC sent a letter to the trial court stating that the Mexia facility had conducted its annual assessment of relator to determine his ongoing needs and determined that his placement at the Mexia facility is no longer an appropriate placement because relator "can be better treated and habilitated in an alternate placement outside of an institutional setting" and "the Mexia SSLC is no longer the least restrictive environment" for relator. The Interdisciplinary Team recommended that relator be transferred to an HSC Program in Dallas, Texas. Similar recommendations in 2014 and 2015 were rejected by the trial court. In this original proceeding, relator complains that the trial court has not held a hearing to address relator's proposed transition to an HSC facility.

## II. ANALYSIS

To establish a right to mandamus relief in a criminal case, the relator must show that the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). Further, as the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Lizcano v. Chatham*, 416 S.W.3d 862, 863 (Tex. Crim. App. 2011) (orig. proceeding) (Alcala, J. concurring); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). A trial court has a ministerial duty to rule upon a properly filed and timely presented motion. *See State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

To be properly filed and timely presented, a motion must be presented to a trial court at a time when the court has authority to act on the motion. *See In re Hogg–Bey,* No. 05–15–01421–CV, 2015 WL 9591997, at *1–2 (Tex. App.—Dallas Dec. 30, 2015, orig. proceeding) (mem. op., not designated for publication). No litigant is entitled to a hearing at whatever time he may choose, however. *In re Chavez,* 62 S.W.3d 225, 229 (Tex. App.—Amarillo 2001, orig. proceeding). A trial court has a reasonable time within which to consider a motion and to rule. *In re Craig,* 426 S.W.3d 106, 107 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding); *In re Sarkissian,* 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding).

Relator's petition does not include a record showing that he is entitled to mandamus relief. The trial court is not required to hold a hearing to determine whether transfer is appropriate but "may" do so on its own motion or the motion of the attorney representing the state. TEX. CRIM. PROC. CODE § 46B.107(d). Relator has not requested a hearing or filed a motion for relator's transfer pursuant to the recommendation of the Mexia SSLC. Further, the record does not show that the letter was filed with the trial court or brought to the trial court's attention. Absent a timely-filed and properly-presented motion, the trial court has no ministerial duty to act. As such, relator cannot show that the trial court has abused its discretion and relator is not entitled to mandamus relief.

Accordingly, we deny relator's September 12, 2017 petition for writ of mandamus.


/Bill Whitehill/
_____
BILL WHITEHILL
JUSTICE

171083F.P05

–3–