

# IN THE
# TENTH COURT OF APPEALS

No. 10-17-00216-CV

## IN RE THE STATE OF TEXAS, EX REL JARVIS PARSONS

Original Proceeding

## DISSENTING OPINION

There are at least three fundamental reasons that I disagree with the Court's decision to issue a Writ of Mandamus against the trial court judge compelling him to withdraw an Order of Non-Disclosure. I will discuss them in the order that I find most compelling to an alternate result.

We have jurisdiction of an appeal in civil proceedings if the amount in controversy exceeds $200.00 exclusive of cost and interest. The Supreme Court has suggested that it does not have to be money but rather can be the value of what is at issue. *Tune v. Texas Department of Public Safety*, 23 S.W.3d 358, 360 (Tex. 2000); *Texas Department of Public Safety v Barlow*, 48 S.W.3d 174, 176 (Tex. 2001). So unless the State can in good faith assert that the right to keep those who commit family violence from secreting their criminal history of the event from the public is not worth in excess of $200.00, we have appellate

jurisdiction of an appeal of the underlying case. *See Tune*, 23 S.W.3d at 364, 367 (Hecht, J., concurring) (item "Third:"); *Barlow*, 48 S.W.3d at 177 (Hecht, J., concurring). In other words, if the State's interest in protecting the public from those who have previously committed family violence, even if they successfully completed community supervision deferred adjudication, by preventing those persons from getting an Order of Non-Disclosure, is worth more than $200.00, then the amount in controversy limit for this Court's jurisdiction is satisfied. Likewise, if Amaya can in good faith assert that the right to have an Order of Non-Disclosure rendered with regard to his previous community supervision for "assault family violence" is worth more than $200.00, then we would have jurisdiction to review the order by direct appeal. Fundamentally, if either party can in good faith assert a value in excess of $200.00 to the issue that is in controversy, there is a remedy at law by direct appeal and the attempt to review the issue by a petition for a writ of mandamus should be denied.

Additionally, I would be shocked if Amaya has not had to pay his attorney at least $200.01 to pursue the petition in the trial court and to respond to the State's petition for a writ of mandamus. That payment, or even an obligation in that amount, would be some indication of the value of the Order of Non-Disclosure, assuming we had to have some objective evidence of value. *Id.* And since this is a jurisdictional issue, we are not restricted to the record made in the trial court to determine our jurisdiction. I would not be offended to take judicial notice of the fact that protection of past, and potentially future, victims of domestic violence by not protecting a person in Amaya's position with an Order of Non-Disclosure has a value far in excess of $200.00. *See Tune*, 23 S.W.3d at

364, 367 (Hecht, J., concurring) (item "Third:"); *Barlow*, 48 S.W.3d at 177 (Hecht, J., concurring).

Moreover, the district court has "jurisdiction" of a petition to render an Order of Non-Disclosure. The district court that rendered the order is a general jurisdiction court authorized to hear and determine any cause that is cognizable by courts of law or equity and may grant any relief that could be granted by courts of law or equity. *See Dubai Peterleum Co. v. Kazi*, 12 S.W.3d 71, 75 (Tex. 2000). This is not a case in which the trial court did not have the jurisdiction to render the type of order rendered. Possibly he did not have the authority to do so in this particular case, but that does not make the order void. That a trial court erred in rendering an order does not mean that the trial court had no jurisdiction to do so. To the extent the petition for a writ of mandamus is dependent on the argument and determination that the trial court did not have jurisdiction to render an Order of Non-Disclosure, it should be denied.

Finally, both parties have argued their positions under the current version of the statute. That version of the statute does not apply to this proceeding. The Court cures that problem for them. I would not; at least not without requesting re-briefing and also asking them to brief both jurisdictional issues addressed above. Because the State has brought this proceeding asking for relief under the text of a statute that is clearly not applicable to the facts as presented, the State has, therefore, failed to establish that it is entitled to relief by mandamus, and I would deny the petition for a writ of mandamus on this basis as well.

For the forgoing reasons, I would summarily deny the petition for writ of mandamus. Because the Court grants the Petition for Writ of Mandamus, I respectfully dissent.


                                        TOM GRAY
                                        Chief Justice

Dissenting opinion delivered and filed January 9, 2019

