

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00150-CV

_____

EX PARTE R.S.

On Appeal from County Criminal Court No. 1
Tarrant County, Texas
Trial Court No. 1271293

Before Kerr and Birdwell, JJ; and Michael Massengale (Former Justice,
Sitting by Assignment)
Memorandum Opinion by Justice Massengale

## MEMORANDUM OPINION

This is an appeal from the denial of a petition for nondisclosure of criminal history information pursuant to recently enacted provisions of Government Code chapter 411, subchapter E-1. Appellant R.S. was charged with driving while intoxicated with a blood alcohol content over 0.15, a Class A misdemeanor. He pleaded guilty to a Class B misdemeanor and was convicted. Appellant subsequently filed a petition for nondisclosure of criminal history information related to the offense. After a hearing, the trial court determined that appellant was ineligible for the nondisclosure procedure and that nondisclosure would not be in the best interest of justice. The petition was denied, and appellant filed a notice of appeal.

We conclude that we have appellate jurisdiction because appellant has asserted in good faith that the subjective value of the requested order exceeds the minimum $250 amount in controversy necessary in the absence of specific statutory authorization to appeal. However, appellant has failed to demonstrate reversible error in the trial court. While appellant's contention that the trial court erred by finding him ineligible to petition for a nondisclosure order finds support in this court's recent interpretation of the statute in *State v. S.M.*,[1] that argument addresses only one part of appellant's burden to justify a reversal. Because the trial court specifically found, after a hearing, that an

---

[1]No. 02-18-00242-CV, 2019 WL 1186799 (Tex. App.—Fort Worth Mar. 14, 2019, no pet.) (mem. op., not designated for publication).

order of nondisclosure would not be in the best interest of justice under the facts of appellant's offense, and because appellant failed to preserve a record or present any argument challenging that finding, we are compelled to affirm the order of the trial court.

## Background

After being charged with Class A misdemeanor driving while intoxicated in 2011, appellant pleaded guilty to a lesser-included Class B misdemeanor DWI offense. The plea-bargain agreement recited that appellant's "breath/bloodresults" were ".16." The trial court entered a probation order in 2013 that found appellant "guilty of the offense as charged in the information, a class B misdemeanor," imposed a $750 fine and a 90-day jail sentence, and placed appellant on community supervision for 18 months.

In 2017, appellant petitioned the trial court to issue an order prohibiting criminal-justice agencies from disclosing to the public "criminal history record information" relating to the 2011 DWI offense. The State responded in opposition, arguing that appellant was ineligible for the nondisclosure procedure. The State noted that appellant's conviction "was based on a plea to facts showing the Driving While Intoxicated conviction involved a single car accident and a Blood Test showing a blood-alcohol concentration of 0.16, over the statutory limit [as] defined in current Texas Penal Code Section 49.04(d)." The State thus argued that appellant did not satisfy the statutory conditions for nondisclosure because he was not "convicted of driving under the influence with a blood-alcohol concentration less than 0.15," and an order of

3

nondisclosure "would be contrary to legislative intent and not in the best interest of justice." In addition to the probation order, the State offered into evidence proof of appellant's blood-alcohol test result of 0.16.

Applying Government Code section 411.0731, the trial court denied the petition for nondisclosure. The five-page order recited that a hearing on the merits had been held and that the court carefully considered and reviewed the pleadings, evidence, and arguments from counsel. In extensive fact findings and legal conclusions, the trial court found that appellant had been charged with a Class A misdemeanor offense for driving while intoxicated and that the blood-test analysis showed his blood-alcohol content to be 0.16 at the time of the analysis. The court further found that appellant "entered a plea of guilty to Driving While Intoxicated, an offense under Texas Penal Code 49.04 with an accident and a BAC of 0.16" and that he "was found guilty by the trial court for the listed offense, as described in the plea documents."

The trial court's order outlined the parties' competing arguments and explained its legal conclusions, observing that appellant was convicted "for a Driving While Intoxicated offense under 49.04, Texas Penal Code involving an accident and a BAC of 0.16." It reasoned that appellant's punishment "included probation and an interlock under Art. 42A, Texas Criminal Procedure," and therefore was "'*punishable*' under provision of 49.04(d), Texas Penal Code." The trial court further reasoned that "[t]here is no requirement under the prohibition of Section 411.0731, Texas Government Code that the person actually be 'punished' under 49.04(d)." The trial court concluded that

4

the statute "only authorizes the filing of a petition for nondisclosure for Driving While Intoxicated offenses probated under Art. 42A with less than a blood-alcohol content of 0.15, along with other mandatory statutory conditions," that appellant "failed to meet his burden by proving all the statutory conditions for an order of nondisclosure, as required [by] section[s] 411.0731 and 411.074 of the Texas Government Code," and that "[a]n order of nondisclosure would not be in the best interest of justice under the facts of this offense." The trial court's order further observed: "The statutory conditions are mandatory and jurisdictional on the court. The court that placed a person on community supervision has jurisdiction to entertain a person's petition for nondisclosure only if there is statutory authority to file the petition."

There is no reporter's record of the hearing in the trial court. Appellant filed a notice of appeal from the order denying the petition for nondisclosure.

## Analysis

Appellant's argument on appeal is focused entirely on the trial court's interpretation of statutory language found in Government Code sections 411.0731 and 411.0736,[2] challenging the determination that he was ineligible to seek the

---

[2]Sections 411.0731 and 411.0736 are substantially similar, with a key distinction between them being that section 411.0731 applies in situations when a person was placed on community supervision following a conviction of an offense under Penal Code section 49.04, while section 411.0736 applies to a person who was convicted of an offense under section 49.04 and is not eligible to invoke section 411.0731. For purposes of this appeal, the two statutes use identical language to exclude from eligibility a person who was convicted of "an offense punishable under" Penal Code section 49.04(d), which applies "[i]f it is shown on the trial of an offense under this

5

nondisclosure remedy provided by those statutes. At the time this case was briefed, argued, and submitted, there were no reported appellate opinions interpreting or applying these statutes, which were enacted in 2017.[3] Since then, this court has issued the first appellate opinion applying section 411.0736, which affirmed a trial court's order granting a petition for nondisclosure over the State's objections that a petitioner charged with Class A misdemeanor DWI based on evidence of a blood alcohol content of 0.17, but who was convicted of Class B misdemeanor DWI pursuant to a plea bargain, had committed an offense "punishable" under Penal Code section 49.04(d) and therefore was ineligible for the nondisclosure procedure.[4]

---

section that an analysis of a specimen of the person's blood, breath, or urine showed an alcohol concentration level of 0.15 or more at the time the analysis was performed," transforming a DWI offense that otherwise would have been a Class B misdemeanor into a Class A misdemeanor.

Appellant's petition in the trial court did not specify whether he was invoking section 411.0731 or 411.0736, although the petition stated that appellant "successfully completed" community supervision, which suggests that section 411.0731 should apply rather than section 411.0736. The trial court's order analyzed the issue under section 411.0731. Yet appellant's appellate brief presents the issue as one arising under section 411.0736 without addressing the discrepancy from the trial court's order. For consistency with the order being reviewed on appeal, this opinion generally references section 411.0731. However, the critical statutory language is the same in both sections 411.0731 and 411.0736, and the distinction between the two statutes is irrelevant to our disposition of this appeal.

[3]Act of May 27, 2017, 85th Leg., R.S., ch. 877, §§ 4, 6 (codified at Tex. Gov't Code §§ 411.0731, .0736).

[4]*S.M.*, 2019 WL 1186799, at *4–6.

6

## I. Appellate jurisdiction

As part of the review of the record, this court considered whether it has jurisdiction over this appeal from the trial court's order denying the petition for nondisclosure.[5] Although Government Code chapter 411, subchapter E-1 does not expressly authorize an appeal from a trial court's ruling on a petition for order of nondisclosure of criminal history record information,[6] based on the general grant of appellate jurisdiction over civil appeals,[7] this court has exercised appellate jurisdiction over challenges to trial courts' rulings on petitions for nondisclosure.[8] Appellant was

---

[5] *See, e.g.*, *Eagle Gun Range, Inc. v. Bancalari*, 495 S.W.3d 887, 889 (Tex. App.—Fort Worth 2016, no pet.)

[6] *Compare* Tex. Gov't Code Ann. §§ 411.071–.0775, *with* Tex. Code Crim. Proc. Ann. art. 55.02, § 3(a) (authorizing appeal from order on request for expunction).

[7] *See* Tex. Const. art. V, § 6(a); Tex. Gov't Code Ann. § 22.220(a) ("Each court of appeals has appellate jurisdiction of all civil cases within its district of which the district courts or county courts have jurisdiction when the amount in controversy or the judgment rendered exceeds $250, exclusive of interest and costs."); Tex. Civ. Prac. & Rem. Code Ann. § 51.012 ("In a civil case in which the judgment or amount in controversy exceeds $250, exclusive of interest and costs, a person may take an appeal or writ of error to the court of appeals from a final judgment of the district or county court.").

[8] *See, e.g.*, *S.M.*, 2019 WL 1186799, at *3; *S.S. v. State*, Nos. 02-16-00194-CV, 02–16-00195-CV, 02-16-00196-CV, 2017 WL 1352102, at *2 (Tex. App.—Fort Worth Apr. 13, 2017, no pet.) (mem. op.).

asked to address whether this appeal implicates the requisite amount in controversy to invoke our appellate jurisdiction.[9]

In response, appellant referenced the "public criminal record" that was the subject of the petition for nondisclosure, asserting that it "will, by its nature, have long-term implications that will exceed the amount in controversy." Appellant noted that the hearing in the trial court was not held on the record, and "as such there is no record regarding the issue of damages." Nevertheless, appellant contends that "[t]his non-disclosure regards whether or not there will be a public criminal record of the appellant for the conviction of Driving While Intoxicated, which carries with it an obvious societal stigma." Appellant argues that this is "apparent in the legislature's decision to enact this statute to give citizens in Texas an opportunity to remove this from public records," and "the record of such a conviction would create in employment opportunities and insurance alone are obvious and can easily create an amount in excess of the jurisdictional threshold."

"The 'amount in controversy,' in the jurisdictional sense, is not limited to the money damages sought. Rather, '[t]he subjective value of a privilege, if asserted in good

---

[9] *See* Tex. R. App. P. 42.3(a), 44.3; *see also S.M.*, 2019 WL 1186799, at *3 (exercising appellate jurisdiction over appeal when record contained evidence of appellant's testimony that the "value to him of a nondisclosure order was 'absolutely' worth more than $250").

8

faith, establishes jurisdiction if that value meets the requisite amount in controversy.'"[10] The State has not challenged the good faith of appellant's assertion that the public record of a DWI conviction, the associated stigma, and the impact on employment opportunities indicates an amount in controversy subjectively valued in excess of the $250 jurisdictional threshold, nor has it disputed that the minimum amount in controversy has been satisfied. Unlike appeals that have been dismissed because the record lacked any basis for establishing the requisite amount in controversy,[11] we conclude that by retaining counsel and seeking the nondisclosure relief established by the Legislature for the reasons asserted in good faith, appellant placed at issue the subjective value of removing the employment impediments and other stigma associated

---

[10]*Tex. Dep't of Pub. Safety v. Barlow*, 48 S.W.3d 174, 176 (Tex. 2001) (quoting *Tune v. Texas Dep't of Pub. Safety*, 23 S.W.3d 358, 361 (Tex. 2000)).

[11]*See, e.g.*, *State v. L.P.*, 525 S.W.3d 418, 419–20 (Tex. App.—Fort Worth 2017, no pet.) (dismissing for want of jurisdiction State's appeal from order granting petition for nondisclosure of records pursuant to former Government Code section 411.081(e)(4), when neither party advanced an argument about whether the minimum amount in controversy was satisfied, and no support for it could be found in the record); *see also Huth v. State*, 241 S.W.3d 206, 208 (Tex. App.—Amarillo 2007, pet. denied) ("[T]he record here contains no basis, other than the trial court's filing fee, on which to assign a value to [the applicant] of the non-disclosure order he sought."); *Rado v. State*, No. 05-06-00200-CV, 2007 WL 1829648, at *1 (Tex. App.—Dallas June 27, 2007, no pet.) (mem. op.); *Bergin v. State*, No. 06-06-00089-CV, 2006 WL 2456302, at *2 (Tex. App.—Texarkana Aug. 25, 2006, no pet.) (mem. op.) (observing that filing fees and other court costs could not establish the amount in controversy, and dismissing appeal from denial of nondisclosure order because the record did not otherwise establish it).

with a public record reflecting a DWI conviction.[12] We therefore conclude that we have jurisdiction over this appeal.

## II. Best-interest-of-justice requirement for nondisclosure of criminal history record information

As noted previously, this appeal has been presented as a dispute over the interpretation of Government Code sections 411.0731 and 411.0736, and whether R.S. was correctly determined to be ineligible to invoke the statutory nondisclosure procedure. The interpretation advocated by the State and adopted by the trial court recently was rejected by this court. In *S.M.*, the trial court had granted a petition for a nondisclosure order. The State appealed, arguing that section 411.0736 was inapplicable because the petitioner's DWI offense involved evidence of a 0.17 BAC.[13] This court observed in *S.M.* that both sides accepted the benefit of a charge bargain from a class A misdemeanor charge down to a class B misdemeanor guilty plea, and it stated:

> We do not believe the State can offer to proceed on a lesser-included offense that is eligible for nondisclosure and later oppose nondisclosure

---

[12]*See Barlow*, 48 S.W.3d at 176; *cf. Harris v. State*, 402 S.W.3d 758, 763 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (holding that trial court's finding that petitioner has been denied employment and lost thousands of dollars in wages as a result of deferred adjudication appearing on her record demonstrated that the subjective value of a requested nondisclosure order exceeded the jurisdictional threshold of $250); *In re Commitment of Richards*, 202 S.W.3d 779, 790 (Tex. App.—Beaumont 2006, pet. denied) (holding that despite habeas petitioner's failure to quantify loss of income, the allegation of restrictions that prohibited him from earning income for two months satisfied minimum jurisdictional amount-in-controversy threshold).

[13]As noted above, *see supra* note 2, sections 411.0731 and 411.0736 are substantively the same with respect to the interpretive issue raised in this appeal.

based on the greater, indicted offense, especially when the 0.17 notation on the charge bargain is not tethered to and is not reflected in the admonished punishment range or the trial court's judgment.[14]

As in *S.M.*, the record of the underlying plea-bargain in this case does not show that appellant was subject to punishment as a Class A misdemeanant based on his blood alcohol concentration level. Instead, appellant was admonished that the maximum punishment range applicable to a Class B misdemeanor would apply, and appellant was sentenced within that punishment range. As in *S.M.*, the ignition-interlock requirement was imposed as a condition of probation and not as part of appellant's sentence. However, in a critical difference from *S.M.*, the trial court in this case specifically found, after a hearing in which it received evidence and entertained arguments of counsel, that "[a]n order of nondisclosure would not be in the best interest of justice under the facts of this offense."

---

[14]*S.M.*, 2019 WL 1186799, at *5 (citing *Ex parte De Leon*, 400 S.W.3d 83, 89 (Tex. Crim. App. 2013)). In *S.M.*, this court declined the State's invitation (also urged to us in this case) to consult legislative history relating to adoption of the statute, finding it unnecessary in light of the plain and unambiguous meaning of the text. *Id.* at *6. And *S.M.* rejected the suggestion that the probation condition requiring the use of an ignition-interlock device somehow indicated that a conviction of a class B misdemeanor DWI was nevertheless punishable under Penal Code section 49.04(d). *Id.* at *5. The references in sections 411.0731(f)(1) and 411.0736(f)(1) to a petitioner's successful completion of a condition of community supervision that restricted the petitioner's operation of a motor vehicle to a motor vehicle equipped with an ignition interlock device demonstrate that the Legislature did not contemplate that requiring an ignition interlock device as a condition of community supervision would imply that the petitioner was disqualified from eligibility for an order of nondisclosure.

In addition to demonstrating eligibility under section 411.0731,[15] to obtain an order of nondisclosure of criminal history record information a petitioner must secure a determination, after a hearing, that such an order "is in the best interest of justice."[16] The denial of an order on that basis is reviewed for abuse of discretion.[17] The party that complains of an abuse of discretion has the burden to produce a record showing the abuse,[18] and absent such a record a reviewing court must presume that the evidence before the trial judge was adequate to support the decision.[19]

Appellant has preserved no record of the arguments and evidence presented to the trial court at the hearing that was held (nor complied with the procedure for

---

[15] *See* Tex. Gov't Code Ann. § 411.0731(c).

[16] *Id.* § 411.0731(d).

[17] *See S.M.*, 2019 WL 1186799, at *4 ("We review a trial court's ruling on a nondisclosure petition for an abuse of discretion."); *White v. State*, No. 01-15-00294-CV, 2015 WL 7819734, at *3 (Tex. App.—Houston [1st Dist.] Dec. 3, 2015, no pet.) (mem. op.) (applying former Tex. Gov't Code Ann. § 11.081(d), "whether the rendition of a particular order is in the interest of justice is by its nature discretionary"); *see also Baker v. Bell Helicopter Textron, Inc.*, 985 S.W.2d 272, 276 (Tex. App.—Fort Worth 1999, pet. denied) ("Texas courts have long accorded trial courts broad discretion within the standard 'in the interest of justice.'").

[18] *See* Tex. R. App. P. 44.1(a); *McCarroll v. Tex. Dep't of Pub. Safety*, 86 S.W.3d 376, 379 (Tex. App.—Fort Worth 2002, no pet.).

[19] *Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793, 795 (Tex. 1987); *Univ. of Tex. at Arlington v. Bishop*, 997 S.W.2d 350, 357 (Tex. App.—Fort Worth 1999, pet. denied).

appealing based on a partial reporter's record),[20] and appellant has presented no argument on appeal that the trial court abused its discretion by finding that issuance of the requested order would not be in the best interest of justice. Both of these lapses are fatal to the appeal.

The challenged order indicates that the trial court conducted a hearing and heard both evidence and argument. There is no record of the hearing, and appellant has not suggested that circumstance resulted from any procedural irregularity.[21] The order itself references "Petitioner's Brief in Support of Petition for Non-Disclosure," which is not part of the appellate record. We have no record of what arguments and evidence were before the trial court. In the absence of a reporter's record, we must presume that the evidence supports the ruling.[22]

---

[20]*See* Tex. R. App. P. 34.6(c); *CMM Grain Co., v. Ozgunduz*, 991 S.W.2d 437, 439 (Tex. App.—Fort Worth 1999, no pet.).

[21]*Cf.* Tex. R. App. P. 34.6(f) (procedure applicable to lost or destroyed reporter's record).

[22]*See Schafer v. Conner*, 813 S.W.2d 154, 155 (Tex. 1991) ("[I]n the absence of a complete statement of facts, it is presumed that the omitted evidence supports the trial court's judgment."); *Simon*, 739 S.W.2d at 795; *Ex parte M.W.*, Nos. 02-17-00339-CV, 02-17-00340-CV, 2018 WL 4140740, at *3 (Tex. App.—Fort Worth Aug. 30, 2018, no pet.) (mem. op.) ("Generally, when we do not have a reporter's record and the record indicates that the trial court held an evidentiary hearing, we must presume that the evidence is sufficient to support the trial court's judgment.").

Moreover, to prevail on appeal, an appellant must attack all independent grounds supporting a judgment.[23] If the appellant fails to do so, the appellate court must accept the validity of that unchallenged independent ground and affirm the judgment.[24]

The trial court's unchallenged finding that an order of nondisclosure would not be in the best interest of justice under the facts of appellant's offense is therefore sufficient to support the denial of the petition.

**Conclusion**

Because appellant has provided no record of the hearing that resulted in the trial court's determination that "[a]n order of nondisclosure would not be in the best interest of justice under the facts of this offense," and because appellant has offered no legal argument suggesting that the trial court abused its discretion by so finding, we are constrained to affirm the order.

/s/ Michael Massengale

Michael Massengale
Visiting Justice

Delivered: August 1, 2019

---

[23] *See, e.g.*, *Nobility Homes of Tex., Inc. v. Shivers*, 557 S.W.2d 77, 83 (Tex. 1977); *City of Deer Park v. State ex rel. Shell Oil Co.*, 275 S.W.2d 77, 84 (Tex. 1954).

[24] *See, e.g.*, *Florence v. Rollings*, No. 02-17-00313-CV, 2018 WL 4140458, at *5 (Tex. App.—Fort Worth Aug. 30, 2018, no pet.) (mem. op.) ("If an independent ground would fully support the complained-of ruling or judgment, but the appellant assigns no error to that independent ground, we must accept the validity of that unchallenged independent ground, and any error in the grounds challenged on appeal is harmless.").