

## Fourth Court of Appeals
### San Antonio, Texas

### OPINION

No. 04-23-01078-CR

David Gene **BECKA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CR1257
Honorable Andrew Wyatt Carruthers, Judge Presiding

PER CURIAM

Sitting:     Irene Rios, Justice
             Beth Watkins, Justice
             Liza A. Rodriguez, Justice

Delivered and Filed: February 7, 2024

DISMISSED FOR LACK OF JURISDICTION

Appellant David Gene Becka attempts to appeal the judgment of competency wherein the trial court ordered, adjudged, and decreed Becka competent to stand trial following a jury trial. We dismiss his appeal for lack of jurisdiction.

### BACKGROUND

Becka was indicted in January 2019 for a murder he allegedly committed in March 2018. Beginning in October of 2020, based on an expert's opinion and the parties' and the trial court's agreement, Becka was initially determined incompetent to stand trial, and the trial court committed

Becka to a competency restoration program. *See* TEX. CODE CRIM. PROC. ANN. arts. 46B.004, 46B.005(c), 46B.071(a)(2)(B), 46B.073(b)(2), (c). Following several extensions of the restoration period for Becka's commitment, the question regarding Becka's competency arose again in November 2023. On November 30, 2023, following a jury trial, the jury determined Becka's competency had been restored, and thus Becka was competent to stand trial. The trial court signed a judgment in accordance with the jury's finding, adjudging and decreeing Becka competent to stand trial. *See id.* arts. 46B.113, 46B116. Becka filed his notice of appeal seeking to appeal the jury's finding of competency and the trial court's order declaring him competent to stand trial.

After Becka appealed, the State filed a motion to dismiss contending Becka could not appeal the jury's competency verdict and subsequent trial court order adjudging and declaring Becka competent to stand trial absent a final conviction. Becka filed a response arguing he is not appealing a preliminary determination of incompetency under article 46B.005 that is expressly prohibited by article 46B.011, but rather he is appealing a final judgment declaring him competent to stand trial under article 46B.113. *See id.* arts. 46B.005, 46B.011, 46B.113.

### APPLICABLE LAW AND ANALYSIS

We have jurisdiction to consider an appeal by a criminal defendant only from a judgment of conviction or where appellate jurisdiction has been expressly granted by law. *See Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014) ("Jurisdiction must be expressly given to courts of appeals in a statute."); *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008) (explaining court of appeals erred when extending jurisdiction because no "statute or rule preclud[ed]" appellant's appeal, as "[t]he standard for determining jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law"); *see also* TEX. CODE CRIM. PROC. ANN. art. 44.02 ("A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed[.]"); TEX. R. APP. P. 25.2(a)(2) (providing that a defendant "has

the right of appeal under Code of Criminal Procedure article 44.02 and these rules"). A pretrial judgment of competency that includes the trial court's order adjudging and decreeing a defendant competent to stand trial is neither a judgment of conviction nor an order made immediately appealable by statute.

Although Becka has been found competent to stand trial by a jury, Becka has not been found guilty of an offense in this case and has failed to provide authority indicating his appeal is authorized by law. *See Ragston*, 424 S.W.3d at 52; *Abbott*, 271 S.W.3d at 696–97.

Accordingly, we dismiss Becka's appeal for lack of jurisdiction.[1] *See* TEX. R. APP. P. 43.2(f). We dismiss all pending motions as moot.

PER CURIAM

PUBLISH

---

[1] We note we are not dismissing this appeal according to article 46B.011 of the Texas Code of Criminal Procedure because, as Becka correctly argues, this article pertains to initial competency determinations made under article 46B.005 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. arts. 46B.005, 46B.011. However, Becka provides no authority granting defendants a right to appeal any subsequent determinations of competency beyond the initial proceedings. *But see Powell v. State*, 487 S.W.3d 768, 771 (Tex. App.—Dallas 2016, no pet.) (interpreting article 46B.103(d)(3) of the Texas Code of Criminal Procedure to permit appeals of trial courts' orders under subchapter E to the extent that similar orders in proceedings for civil commitment to a residential care facility would be appealable—the judgment of commitment to a residential facility—to a court of appeals under subtitle D, title 7 of the Health and Safety Code); *Queen v. State*, 212 S.W.3d 619, 623 (Tex. App.—Austin 2006, no pet.) (concluding that "the legislature did not intend to allow interlocutory appeals from orders of temporary commitment made after a[n initial] determination of incompetence but before a subchapter E proceeding").