**Jesse Eugene DELEON, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 05–07–01562–CV.**

Court of Appeals of Texas, Dallas.

April 29, 2009.

by plaintiffs' counsel were "not acceptable."

Joe Neal Smith, Sherman, TX, for Appellant.

Joseph D. Brown, Grayson County District Atty., Sherman, TX, for The State.

Before Justices MOSELEY, FITZGERALD, and LANG–MIERS.

## OPINION

Opinion by Justice FITZGERALD.

Jesse Eugene Deleon appeals the trial court's requirement that appellant's car be fitted with an ignition interlock device in the judgment granting appellant's petition for an occupational driver's license. We agree with appellant, and we modify the trial court's judgment to delete the requirement that appellant's car be fitted with an ignition interlock device.

Appellant was arrested for driving while intoxicated. He refused to provide a specimen of his breath for testing, and his driver's license was suspended. *See* TEX. TRANSP. CODE ANN. § 724.035(a) (Vernon Supp.2008). While his DWI trial was pending, appellant filed in district court a petition for an occupational driver's license under chapter 521, subchapter L, of the Texas Transportation Code, alleging an essential need for him to operate a motor vehicle. *See id.* § 521.242 (Vernon 2007). On October 4, 2007, the trial court held a hearing on the petition. *See id.* § 521.244. Appellant testified he needed to drive to get to and from his employment and to have visitation with his children. He also testified he had no prior convictions for driving while intoxicated or for any alcohol- or drug-related offense. Appellant requested that the trial court not impose the installation of an ignition interlock device as a condition for the occupational license. At the conclusion of the hearing, the trial court granted appellant an occupational license as necessary for him to attend work and have visitation with his children. *See id.* The court also required that appellant have an ignition interlock device installed on his car. On appeal, appellant contends the trial court had no authority to impose the requirement of an ignition interlock device on appellant's occupational license.

■ Before reaching the merits of this case, we must first determine if we have jurisdiction over appeals from orders on petitions for issuance of an occupational license. Article V, section 6 of the Texas Constitution gives this Court jurisdiction over all cases "of which the District Courts or County Courts have original or appellate jurisdiction, under such restrictions

and regulations as may be prescribed by law." TEX. CONST. art. V, § 6(a). In addition, the Texas Constitution provides the courts of appeals with "such other jurisdiction, original and appellate, as may be prescribed by law." *Id.* Thus, an appellate court's jurisdiction must be based on (1) the general constitutional grant, subject to any regulations or restrictions imposed by the legislature; or (2) a specific statutory grant of jurisdiction. *Id.; see also Tune v. Tex. Dep't of Pub. Safety,* 23 S.W.3d 358, 361 (Tex.2000).

We first look to the occupational driver's license statute, chapter 521, subchapter L, of the Texas Transportation Code, to see whether it contains a specific grant of jurisdiction to the courts of appeals. *See* TEX. TRANSP. CODE ANN. §§ 521.241–.253 (Vernon 2007). It does not contain such a grant of appellate jurisdiction. *See id.* Therefore, this Court's jurisdiction over this appeal, if any, must be based on the general constitutional grant as restricted by the legislature.

General appellate jurisdiction of courts of appeals is limited to cases where the amount in controversy exceeds $100, exclusive of interests and costs. TEX. CIV. PRAC. & REM.CODE ANN. § 51.012 (Vernon 2008); TEX. GOV'T CODE ANN. § 22.220(a) (Vernon 2004). For licenses, the amount in controversy is the subjective value of the privilege afforded by the license. The fees necessary to obtain the license are not the amount in controversy, but they are some evidence of the minimum subjective value of the privilege. *See Tex. Dep't of Pub. Safety v. Barlow,* 48 S.W.3d 174, 176 (Tex.2001) (citing *Tune v. Tex. Dep't of Pub. Safety,* 23 S.W.3d 358, 361–62 (Tex.2000)). To obtain an occupational license following the suspension of a driver's license for refusing to submit a breath specimen, a person must pay fees of at least $135. *See* TEX. TRANSP. CODE ANN.

§ 521.421(d) (Vernon Supp.2008) ($10 fee for issuance of occupational license), § 724.046(a) (Vernon Supp.2008) ($125 fee for issuance of any license following suspension for refusal to submit a breath or blood specimen). We conclude an order from a petition for issuance of an occupational license under chapter 521, subchapter L, of the Transportation Code following a suspension for refusal to submit a breath or blood specimen under chapter 724 of the Transportation Code meets the jurisdictional requirement that the amount in controversy exceed $100.

We now turn to the merits of the case, whether the trial court abused its discretion in requiring appellant to have an ignition interlock device installed on his car as a requirement of an occupational license under chapter 521, subchapter L, of the Transportation Code. A trial court abuses its discretion when it acts in an arbitrary and unreasonable manner or when it acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex. 1985).

An ignition interlock device "uses a deep-lung breath analysis mechanism to make impractical the operation of a motor vehicle if ethyl alcohol is detected in the breath of the operator of the vehicle." TEX. TRANSP. CODE ANN. § 521.241(2). Section 521.246 of the Transportation Code provides when the trial court may, and when it must, require the installation of an ignition interlock device:

(a) If the person's license has been suspended after a conviction under Section 49.04, 49.07, or 49.08, Penal Code, the judge, before signing an order, shall determine from the criminal history record information maintained by the department whether the person has any previous conviction under those laws.

(b) As part of the order the judge may restrict the person to the operation of a motor vehicle equipped with an ignition interlock device if the judge determines that the person's license has been suspended following a conviction under Section 49.04, 49.07, or 49.08, Penal Code. As part of the order, the judge shall restrict the person to the operation of a motor vehicle equipped with an ignition interlock device if the judge determines that:

(1) the person has two or more convictions under any combination of Section 49.04, 49.07, or 49.08, Penal Code; or

(2) the person's license has been suspended after a conviction under Section 49.04, Penal Code, for which the person has been punished under Section 49.09, Penal Code.

*Id.* § 521.246(a), (b).

Section 524.246 requires that the person have been convicted of driving while intoxicated, intoxication assault, or intoxication manslaughter before the trial court has authority to require the person's vehicle be fitted with an ignition interlock device. The record does not show appellant has been convicted of any of these offenses, and appellant testified he had never been convicted of any offense. Accordingly, the trial court did not have authority to impose the requirement of an ignition interlock device, and its requirement that appellant have an ignition interlock device installed on his car was without reference to any guiding rule or principle. We sustain appellant's issue.

We modify the trial court's order to delete the provision that "Petitioner shall have a certified Deep Lung Device (DLD) installed in the car Petitioner's [sic] owns or the car Petitioner regularly drives by

the approved provider and abide by all conditions of its program, including all financial obligations." As modified, we affirm the trial court's judgment.