**Opinion issued December 6, 2018**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-17-00639-CR

_____

## CHARLES MALVEAUX, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Case No. 1537925-R**

---

## MEMORANDUM OPINION

Appellant, Charles Malveaux, petitioned for an occupational driver's license under Texas Transportation Code section 521.244(e) following his conviction for Driving While Intoxicated (DWI) as a third offense under Texas Penal Code section 49.04 and punishment under Penal Code section 49.09, resulting in the

suspension of his driver's license.[1] The trial court denied his petition.[2] In his sole issue on appeal, Malveaux argues that the trial court erred in denying his petition for an occupational driver's license. Because Malveaux failed to prove his compliance with Transportation Code section 521.244(e), we affirm.

## Background

On March 31, 2017, Malveaux was convicted of DWI, third offense, a third-degree felony, relating to an offense that occurred on March 5, 2017. The record demonstrates that he had been previously convicted of DWI in 1993 and in July 2012 under Penal Code section 49.04. Malveaux conceded that the March 5, 2017 offense for which he was convicted was within five years of his 2012 DWI conviction. Accordingly, he was necessarily convicted and punished under Penal

---

[1] *See, e.g.*, TEX. PENAL CODE ANN. § 49.04 (West Supp. 2018) (governing DWI generally) (West 2011), § 49.09 (West Supp. 2018) (providing enhanced punishment if additional elements, such as two previous DWI convictions, are met).

[2] The Texas Transportation Code provides that "[a] person whose license has been suspended for a cause other than a physical or mental disability or impairment or a conviction of an offense under Sections 49.04–49.08, Penal Code, may apply for an occupational license. . . ." TEX. TRANSP. CODE ANN. § 521.242(a) (West 2018). An occupational driver's license may contain restrictions regarding the hours of the day and days of the week during which the person may operate a motor vehicle, the reasons for which the person may operate a motor vehicle, and the areas or routes of travel permitted, among others. *Id.* § 521.248(a) (West 2018); *see also id.* § 521.246 (West 2018) (providing that if person's driver's license has been suspended after conviction of offense under Penal Code sections 49.04–49.08, judge shall restrict person to operation of motor vehicle equipped with ignition interlock device).

Code sections 49.04 and 49.09(b), which provides that conviction for DWI is a third degree felony for a person who had been convicted previously of two other DWI offenses. *See* TEX. PENAL CODE ANN. § 49.04 (West Supp. 2018) (setting out elements for DWI offense), § 49.09 (West Supp. 2018) (setting out enhanced offenses and penalties).

On June 14, 2017, Malveaux petitioned the trial court to grant him an occupational driver's license pursuant to Texas Transportation Code 521.244(e). His verified petition asserted that on May 31, 2017, his "driver's license was automatically suspended for eighteen months following a conviction in this Court for an offense under Section 49 of the Texas Penal Code." Malveaux further asserted that he had not been issued more than one occupational driver's license in the preceding ten years.

Malveaux further stated in his verified petition that he had "installed an ignition interlock device on each vehicle owned or operated by [him]." He attached a copy of a receipt from "Smart Start, Inc." for a 1988 Chevrolet Silverado, listing an "install date" of February 2, 2017, a "service date" of June 6, 2017, and a "next lockout date" of July 2, 2017. The receipt indicated that Malveaux had paid a fee for "20/20 HU Service." He alleged that the receipt indicated that he had purchased and installed a deep-lung breath analysis mechanism on his vehicle. Malveaux also alleged in his verified petition that he

3

"has a valid policy of automobile liability insurance in accordance with the provisions of Texas Transportation Code, Sections 601.701, et seq." Malveaux presented a photocopy of the "SR-22 Financial Responsibility Form" as proof of automobile liability insurance.

At the hearing on July 27, 2017, Malveaux waived his right to appear and his attorney presented argument on his behalf, based on the verified petition and its attachments—the service receipt and the SR-22 Financial Responsibility Form— and a certified copy of the judgment of conviction for Malveaux's 2017 DWI offense. The 2017 judgment indicated that Malveaux had pleaded guilty to the offense of "DWI Third," which was listed as a third-degree felony. The judgment further stated that his punishment was assessed at ten years' confinement, probated to four years of community supervision, and that the trial court also had suspended Malveaux's driver's license for eighteen months beginning May 31, 2017. The certified copy of the judgment also contained the terms of Malveaux's community supervision, including the requirement that he place a deep-lung breath analysis mechanism with photographic capabilities on any vehicle available to him in order to render it inoperable in the event ethyl alcohol was detected. He was further required to participate in an outpatient treatment program, and a DWI Intervention Program for repeat offenders.

No other evidence was presented to the trial court.

Malveaux argued that, because he had installed the ignition interlock device, Transportation Code section 521.244(e) permitted him to proceed without making a showing of his essential need for the occupational license. The State argued, however, that while "[t]he petition mentions that the defendant was convicted under [Penal Code section] 49.04," Malveaux "was also convicted under [section] 49.09 because priors are the elements of the offense." The State argued that the petition did not meet all elements necessary to obtain the occupational driver's license and that there was "insufficient proof" that all elements had been complied with. It observed that one receipt for service of an interlock device did not sufficiently establish that Malveaux had complied with the statutory requirements.

The trial court denied Malveaux's petition for an occupational driver's license in an order signed July 27, 2017. On the record, the trial court stated that "in addition to the technical issues raised by the State," the court believed that it had discretion to determine whether to grant Malveaux an occupational driver's license. The trial court did not disagree with Malveaux's contention that he was not required to establish his essential need for the occupational license. The trial court stated that the phrase "is entitled to" as used in Transportation Code section 521.244(e) created a right to proceed without proving his essential need; however, the trial court did not believe that section 521.244(e) made granting of the occupational driver's license mandatory or otherwise deprived the court of its

discretion in considering the petition as a whole. The trial court went on to express concern with Malveaux's having served only two months of his probation following a DWI conviction that involved a "minor accident." It also stated that the ignition interlock mechanism only detected alcohol, but it would still allow the vehicle to start if Malveaux were under the influence of drugs.

This appeal followed.

**Analysis**

Generally, Texas courts have reviewed a trial court's ruling on a petition for an occupational driver's license for an abuse of discretion. *See Wood v. Tex. Dep't of Pub. Safety*, 331 S.W.3d 78, 81 (Tex. App.—Fort Worth 2010, no pet.); *Deleon v. State*, 284 S.W.3d 894, 896 (Tex. App.—Dallas 2009, no pet.); *see also* TEX. TRANSP. CODE ANN. § 521.244(a), (c) (West 2018) (requiring trial court considering petition for occupational driver's license to make findings regarding essential need and to "determine the actual need of the petitioner to operate a motor vehicle"), § 521.248 (West 2018) (requiring that trial court's order granting occupational driver's license must specify limitations imposed on petitioner's operation of motor vehicle), § 521.252(a) (West 2018) (providing that "[t]he court that signs an order granting an occupational license may issue at any time an order revoking the license for good cause"). A trial court abuses its discretion when it

acts in an arbitrary and unreasonable manner or when it acts without reference to any guiding rules or principles. *Deleon*, 284 S.W.3d at 896.

Here, Malveaux relies on Transportation Code section 521.244(e), which provides:

> (e) A person convicted of an offense under Sections 49.04–49.08, Penal Code, who is restricted to the operation of a motor vehicle equipped with an ignition interlock device is entitled to receive an occupational license without a finding that an essential need exists for that person, provided that the person shows:
>
>> (1) evidence of financial responsibility under Chapter 601; and
>>
>> (2) proof the person has had an ignition interlock device installed on each motor vehicle owned or operated by the person.

TEX. TRANSP. CODE. ANN. § 521.244(e). Malveaux argues that he established financial responsibility and provided proof he had installed an interlock device on his vehicle, and, thus, the trial court lacked discretion to refuse to grant him an occupational driver's license.

However, among its other arguments to the trial court, the State challenged the adequacy of Malveaux's proof that he had installed an adequate ignition interlock device on "each motor vehicle owned or operated by" him, as required by the statute. No evidence was presented to the trial court at the hearing. Rather, Malveaux relied upon his verified pleading, in which he made conclusory assertions that he had complied with the terms of section 521.244(e). He also

7

attached to his petition a copy of a receipt from "Smart Start, Inc." for a 1988 Chevrolet Silverado, listing an "install date" of February 2, 2017, a "service date" of June 6, 2017, and a "next lockout date" of July 2, 2017. The receipt indicated that Malveaux had paid a fee for "20/20 HU Service."

The State argued in the trial court that there were inconsistencies in the dates on the receipt provided by Malveaux. The date of installation on the receipt predates Malveaux's underlying conviction, and it indicates that the next "lockout date"—a term that was never explained or defined to the trial court—was July 2, 2017, but the hearing occurred after that date on July 27, 2017.

The State also argued that the receipt did not prove that the Silverado referenced in the receipt was Malveaux's vehicle, nor did it prove that the Silverado was the only vehicle to which Malveaux had regular access, and we agree. *See* TEX. TRANSP. CODE. ANN. § 521.244(e)(2) (requiring proof that person had interlock device installed on each motor vehicle owner and operated by person). Malveaux's attorney argued at the hearing that Malveaux's verified petition asserted that he had installed the required device on each motor vehicle that he owned or operated, but conclusory statements, even in verified petitions, do not constitute evidence. *Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995) (noting that, generally, pleadings are not competent evidence, even if sworn and verified); *Padilla v. Metro. Transit Auth. of Harris*

8

*Cty.*, 497 S.W.3d 78, 85–86 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (holding, in summary judgment context, that affidavits containing conclusory statements that fail to provide underlying facts supporting those conclusions are not proper evidence).

In stating its ruling on the record, the trial court recognized "the technical issues raised by the State." Because the trial court could have denied Malveaux's petition solely on the basis that he did not establish his compliance with section 521.244(e)(2), we overrule Malveaux's sole issue on appeal.

## Conclusion

We affirm the order of the trial court.

Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Bland, and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).