**Affirmed and Opinion Filed October 5, 2020**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00964-CV

### EX PARTE STEVEN GARCIA

**On Appeal from the County Court at Law No. 6**
**Collin County, Texas**
**Trial Court Cause No. 0006-02004-2019**

## MEMORANDUM OPINION
Before Justices Molberg, Carlyle, and Browning
Opinion by Justice Molberg

Appellant Steven Garcia appeals the trial court's August 2, 2019 order denying his petition for an occupational driver's license based on the court's finding that Garcia lacks an essential need. *See* TEX. TRANSP. CODE §§ 521.242, 521.244.[1] Garcia argues the trial court abused its discretion in denying his petition and urges us to reverse and enter a judgment in his favor. Because we conclude the trial court did not abuse its discretion, we affirm.

---

[1] "Essential need" is "a need of a person for the operation of a motor vehicle: (A) in the performance of an occupation or trade or for transportation to and from the place at which the person practices the person's occupation or trade; (B) for the transportation to and from an educational facility in which the person is enrolled; or (C) in the performance of essential household duties." *See* TEX. TRANSP. CODE § 521.241(1).

## Background

In his verified petition for an occupational license, Garcia stated he has an actual and essential need to operate a motor vehicle to a total of twenty-two counties, either to perform his occupation as the owner of his mobile business "A1 Recon" (listing nineteen counties); to perform essential household duties (repeating three counties on the list of nineteen); and to travel to and from court appearances, court-ordered community service, community supervision appointments and attorney visits (listing another three counties).[2]

The trial court heard the matter in an ex parte hearing on August 1, 2019. At the beginning of the hearing, the court stated, "The Court's in receipt [of] and has reviewed an ex parte petition for an occupational driver's license, including the worst driving record it's ever reviewed. And therefore, I'm not likely inclined to grant an occupational driver's license, but I'll give you one opportunity to change my mind."

Garcia then testified in response to his counsel's questioning. He testified the information in his petition is correct and that he needs to drive to all of the counties

---

[2] Garcia described his "A1 Recon" business as a mobile repair company that provides repairs for used car dealerships across the Dallas–Fort Worth area. He testified he works twelve hours per day and asked the court to permit him twelve hours of driving time per day as a result. *See* TEX. TRANSP. CODE § 521.248(b) (providing that on showing of necessity, court may allow person to drive for any period determined by the court that does not exceed twelve hours in any twenty-four hour period). He listed the following twenty-two counties in his petition: Austin, Bastrop, Blanco, Burnet, Caldwell, Collin, Comal, Dallas, Denton, Ellis, Guadalupe, Hays, Hunt, Johnson, Kaufman, Lee, Parker, Rockwall, Tarrant, Travis, Williamson, and Wise.

listed in the petition. He testified about certain aspects of his driving record and stated he needed his license so he could do his job and not get another ticket.[3]

The trial court asked Garcia additional questions about his proof of insurance and his driving record. When the court asked Garcia about why his proof of insurance was dated only one day before Garcia filed his petition, Garcia stated, "I had just renewed my insurance was all. I've always had insurance."

When the court pointed out that based on his driving record, he had not "always" had insurance, as the State had suspended his license multiple times due to his failure to have insurance, Garcia agreed and clarified, "I just meant within the past few years I've had insurance not only for my – not only myself, but also for my business." Garcia acknowledged receiving multiple tickets for no insurance and stated he still owed roughly $2,600 in surcharges for those tickets.[4]

---

[3] The record contains a nine-page certified abstract record from the Texas Department of Public Safety dated June 24, 2019, the day before Garcia filed his petition. That certified abstract record reflected, among other things, Garcia's history of convictions for operating an unregistered motor vehicle, having no driver's license, driving on the wrong side of a divided highway, speeding, running a red light, driving while license was invalid (3 separate convictions), and having no motor vehicle liability insurance (4 separate convictions).

[4] Through the State's prior Driver Responsibility Program in effect at the time of Garcia's ex parte hearing, drivers convicted of various driving-related offenses were required to pay certain surcharges, and failure to pay such amounts or to enter into an installment payment plan resulted in automatic suspension of the person's driver's license, which continued until the driver paid the surcharges and any related costs. *See* Act of June 19, 2009, 81st Leg., R.S., ch. 1146, § 15.02, 2009 Tex. Gen. Laws 3583, 3655 (repealed 2019); Act of June 21, 2003, 78th Leg., R.S., ch. 1325, § 10.01, 2003 Tex. Gen. Laws 4884, 4944 (repealed 2019).

When the court asked Garcia why he had been driving without a license, Garcia testified, "Because I had things that needed to be taken care of." Immediately following that testimony, the following exchange occurred:

THE COURT: This has been going on for quite some time. Let's see. 2006?

GARCIA: Uh-huh.

THE COURT: Is that a yes?

GARCIA: Yes, Your Honor.

At the conclusion of the hearing, the court took the matter under advisement. The court also made a docket entry stating, in part, "Court conducted a hearing with regard to essential need. Court finds that the Petitioner is NOT CREDIBLE; therefore, no essential need exists."

The next day, the court issued an order denying Garcia's petition, finding, among other things, that no essential need exists. Three days later, Garcia filed a petition for writ of mandamus in this Court, which we denied. *See In re Garcia*, No. 05-19-00916-CV, 2019 WL3773848 (Tex. App.—Dallas Aug. 12, 2019, orig. proceeding) (mem. op.). Garcia also filed a timely notice of appeal.

**Analysis**

We review a trial court's ruling on a petition for an occupational driver's license for an abuse of discretion. *Deleon v. State*, 284 S.W.3d 894, 896 (Tex. App.—Dallas 2009, no pet.); *see Malveaux v. State*, No. 01-17-00639-CR, 2018 WL

–4–

6376780, at *3 (Tex. App.—Houston [1st Dist.] Dec. 6, 2018, no pet.) (mem. op.); *Wood v. Tex. Dep't of Pub. Safety*, 331 S.W.3d 78, 81 (Tex. App.—Fort Worth 2010, no pet.). A trial court abuses its discretion when it acts in an arbitrary and unreasonable manner or when it acts without reference to any guiding rules or principles. *Deleon*, 284 S.W.3d at 896 (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)).

Here, Garcia argues that the trial court abused its discretion in denying his petition because, he argues, his driving record did not relate to his essential need, and his evidence of essential need was uncontested. In his view, the trial court had a ministerial duty to grant his petition and abused its discretion by failing to do so.

We disagree. First, Garcia appears to misunderstand the nature of a ministerial duty. An "act is ministerial when the law clearly spells out the duty to be performed by [an] official with sufficient certainty that nothing is left to the exercise of discretion." *Anderson v. City of Seven Points*, 806 S.W.2d 791, 793 (Tex. 1991). Here, the statute required the court to sign an order "finding whether an essential need exists." *See* TEX. TRANSP. CODE § 521.244(a) ("The judge who hears the petition shall sign an order finding whether an essential need exists."). This places the question of the existence of an essential need squarely within the court's discretion, and by signing an order finding whether an essential need existed, the court did precisely what the statute required. *See id*.

Second, though Garcia argues his driving record was unrelated to his essential need and that the trial court should not have considered it, the trial court was required by statute to consider Garcia's driving record in making its finding. *Id.* § 521.244(b)(1) ("In determining whether an essential need exists, the judge shall consider . . . the petitioner's driving record.").

Finally, Garcia points us to no authorities demonstrating that the trial court abused its discretion in making its finding, even though Garcia's testimony in the ex parte hearing was uncontested. As a fact-finder, a trial court has "great latitude in believing or disbelieving a witness's testimony, particularly when the witness is interested in the outcome," and the court may "reject the uncontroverted testimony of an interested witness unless it is readily controvertible, it is clear, positive, direct, and there are no circumstances tending to discredit or impeach it." *See In re Doe 4*, 19 S.W.3d 322, 325–26 (Tex. 2000) (multiple citations omitted) (noting that in another ex parte context the "readily controvertible" requirement did not apply). The record does not reflect that such circumstances were present here, and Garcia has made no showing otherwise.

Here, we conclude that the trial court did not abuse its discretion in denying Garcia's petition for an occupational driver's license where the trial court considered Garcia's driving record as the statute required and found Garcia not to be credible. *See Deleon*, 284 S.W.3d at 896; TEX. TRANSP. CODE § 521.244(b)(1).

We overrule Garcia's sole issue.

## Conclusion

The trial court's order denying Garcia's petition is affirmed.


190964f.p05

/Ken Molberg/
KEN MOLBERG
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE STEVEN GARCIA

No. 05-19-00964-CV

On Appeal from the County Court at Law No. 6, Collin County, Texas Trial Court Cause No. 0006-02004-2019.
Opinion delivered by Justice Molberg. Justices Carlyle and Browning participating.

In accordance with this Court's opinion of this date, the trial court's order denying Garcia's petition is **AFFIRMED**.

Judgment entered this 5th day of October, 2020.